Horace E. HUNT et ux., Complainants-Appellees,

v.

James Levoy WALKER, Defendant-Appellant.

Court of Appeals of Tennessee, Western Section.

July 19, 1971.

Rehearing Denied Sept. 20, 1971.

Affirmed by Supreme Court Feb. 7, 1972.

John S. Wrinkle, Chattanooga, for defendant-appellant.

Atchley, Atchley & Cox, Chattanooga, for complainants-appellees.

CARNEY, Presiding Judge.

The defendant below, James Levoy Walker, has appealed from a decree of $2,150 adjudged against him as damages resulting from alleged fraudulent misrepresentations by Walker to the complainants, Hunt and wife, in the sale of a frame dwelling to them. The Chancellor tried the case without a jury.

Walker had listed the frame dwelling for sale through a real estate agent, Mrs. O'Shields. Complainants Hunt and wife responded to the advertisement in the local Chattanooga newspapers. Complainant Hunt is a disabled veteran whose only income is approximately $300 a month government pension. He and Mrs. Hunt have a ten-year-old child and they had never owned a home before. Most of the time the complainant Hunt is confined to a wheel chair.

The Hunts moved into the home on or about February 1, 1969. Shortly after their purchase they discovered defects in the electric wiring and discovered · what they thought was damage to the house from termites. The city electrical and building inspectors declared the wiring in the house unsafe and the dwelling untenantable. The Hunts were unable to repair the home and moved out when they could find rental quarters.

On March 7, 1969, Hunt and wife filed suit against the seller, appellant James Levoy Walker, seeking a rescission of the contract of sale along with damages. First Investment Company, the corporation which financed the home with Veterans Administration's guarantee, and Leslie E. Wooten doing business as Crown Exterminating Company who allegedly had failed to treat the house for termites properly, and Barney Alder who inspected the property for Veterans Administration were made parties defendant. They were discharged by the Chancellor and are not before this Court on this appeal.

The Chancellor found that the home sold to the petitioners had been substantially damaged by termites prior to the sale; that the hot water heater was defective and the wiring in the house was dangerous all of which was known to the defendant Walker prior to the sale and all of which he concealed from the petitioners. The Chancellor further found that because of these conditions the house was condemned by the municipal authorities of the City of Chattanooga and that the defendant Walker and his agents falsely represented to the petitioners that the house was in a sound condition. The Chancellor further found that the matters thus concealed related to material matters and were, in fact, the crux of the contract and that the complainants, Hunt and wife, relied thereon to their damage and were deceived thereby and that they acted seasonably in seeking a rescission and were entitled to have the contract of sale rescinded.

The Chancellor provided that if the complainants were unable to discharge the lien against the home within thirty days, they would not be entitled to a rescission of the contract but must be limited to a recovery of damages. He ordered a reference to the Clerk to determine the damages in the event they were unable to pay off the indebtedness. Complainants Hunt and wife were unable to discharge the lien. By consent of the Court the deed of trust was foreclosed on the property. Upon directions from the Veterans Administration the property was bid in by First Investment Company at $5,200.

Upon a reference, the Master reported that the complainants had sustained damages in the amount of $5,200. Exceptions were filed by the defendant, Walker, to the Master's report and sustained by the Chancellor. Thereafter, the Chancellor adjudged the complainants' damages to be $2,150 and awarded a judgment in said amount against the defendant, James Levoy Walker.

The defendant Walker has appealed and made nine assignments of error. However, several of these assignments of error overlap each other. Assignments of error I, V, and IX insist that the rule of *caveat emptor* is applicable to the case at bar and that His Honor the Chancellor was in error in overruling a demurrer of the defendant to the original bill and that His Honor erred in overruling a motion of the defendant Walker to exclude all of the evidence of the complainants contrary to the warranties in the deed from Walker to the complainants. We find no merit in these three assignments of error and they are respectfully overruled. Fraud, when made fully to appear, vitiates all contracts into which it enters. Harris v. Smith, 42 Tenn. 306, 308. See also Hampton v. Hancock, 4 Tenn. C.C.A. (Higgins) 419, in which the vendor of a lot was held liable in damages to the purchaser for misrepresentations by the real estate agent that the lot had not been filled and was solid earth suitable for the erection of a home.

The appellant cites and relies upon the cases of Smith v. Tucker, 151 Tenn. 347, 270 S.W. 66, and McIntosh v. Goodwin, 40 Tenn.App. 505, 292 S.W.2d 242. It is true that in Smith v. Tucker and in the subsequent case of Evens v. Young, 196 Tenn. 118, 264 S.W.2d 577, our Tennessee Supreme Court announced the general rule that the vendor of real estate does not owe a purchaser a duty to disclose to him the dangerous condition of the premises sold. These cases are not applicable to the case at bar because they involved lawsuits for personal injuries sustained by the plaintiff purchasers as a result of the dangerous condition of the premises and there was no proof that the defendant seller had defrauded the plaintiffs in the purchase of the home. The rule of Smith v. Tucker, McIntosh v. Goodwin, and Evens v. Young is a very harsh rule and should not be extended.

It is significant to note that in the very recent case of Tartera v. Palumbo, Tenn., 453 S.W.2d 781, opinion by Chief Justice Dyer, our Tennessee Supreme Court held that the defendant, a surveyor, was liable in damages for negligent misrepresentation when he erroneously assured the plaintiff seller that a surveyed plot did not include plaintiff's home, even though he prepared the survey for the purchaser and was not in privity with the plaintiff. Chief Justice Dyer quoted with approval from American Law Institute, Restatement of Torts (Second), Section 552, Tentative Draft No. 11, dated April 15, 1965, which we copy as follows:

"(1) One who, in the course of his business, profession or employment, or a transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon such information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) The liability stated in subsection (1) is limited to loss suffered

(a) By the person or one of the persons for whose benefit and guidance he knows the information to be intended; and

(b) Through reliance upon it in a transaction in which it is intended to influence his conduct."

Assignments of error I, V, and IX are respectfully overruled.

■ Assignments of error III, IV, and VIII all raise the question of whether the evidence preponderates against the finding by the Chancellor that the defendant, James Levoy Walker, vendor, was guilty of fraud and deceit and had imposed upon the complainants in the sale to them of the house. While there was a strong contradiction in the testimony of the complainants and their witnesses and the testimony of the defendant Walker and his witnesses, we cannot say that the evidence of the defendant preponderates against the finding by the Chancellor and the presumption of correctness of the Chancellor's finding must prevail. T.C.A. Section 27–303.

The city building inspector condemned the property as being unsafe almost immediately after the complainants moved into the house. The wiring system was so overloaded that Mrs. Hunt couldn't have heat while she cooked and she couldn't cook while she had the heat on in the house. The preponderance of the proof is that the house was severely damaged by termites under the floor and that the house was located on wet, damp ground with so little crawl space under the house that it would be necessary to tear up the floor to repair the termite damage in the foundation. Assignments of error III, IV, and VIII are, therefore, respectfully overruled.

■ Assignment of error No. II insists that the Chancellor erred in finding and holding that the defendant, L. E. Wooten, owner and operator of Crown Exterminating Company, was the agent of the defendant, James Levoy Walker. Since the loan to finance the purchase of the house was a hundred percent guaranteed loan by the Veterans Administration and since the Veterans Administration required as a prerequisite to closing the loan that a certificate from an exterminating company be filed showing the house to be presently free of termites and showing that the house had been treated for termite damage and since under the financing agreement Mr. Walker was to pay the cost of inspection and treatment by Crown Exterminating Company, we hold that His Honor the Chancellor was correct in adjudging defendant L. E. Wooten to be the agent of the defendant, James Levoy Walker. Assignment of error No. II is, therefore, respectfully overruled.

■ Assignment of error No. VI complains that the Chancellor erred in finding and decreeing that the defendant, James Levoy Walker, had committed fraud and deceit within the meaning of Section 35, Title 11, of the United States Code because said section was nowhere mentioned in any of the pleadings. Such a finding was not necessary to the relief granted by the Chancellor upon his finding of actual fraud and deceit being committed by the vendor, James Levoy Walker. Therefore, we pretermit the question of whether the Chancellor had authority to find defendant Walker guilty of fraud within the meaning of Section 35, Title 11, of U.S.C.A. If such finding was error and beyond his jurisdiction, then such error was at most harmless error. T.C.A. Section 27–117.

■ Assignment of error No. VII insists that the Chancellor erred in not sustaining defendant-appellant's petition to rehear and in failing and refusing to dismiss complainants' bill on the grounds that the Hunts did not rely upon any representations by defendant Walker but only relied upon representations of J. L. Bowman, president of the First Investment Company, of the Veterans Administration, and of its appraiser, Barney Alder. Both complainants, Hunt and wife, testified affirmatively that they explained to defendant's real estate agent, Mrs. O'Shields, that Mr. Hunt was practically an invalid, that he had no income except approximately $300 per month pension money and that they were very anxious to procure a home which was in good condition so that they would not be onerated with having to make repairs on such home immediately after purchasing it. They further testified that they were assured by Mrs. O'Shields that the house was in good condition, had been recently repaired, and that they relied upon her repre-

sentations. From the case of Hampton v. Hancock, 4 Tenn. C.C.A. (Higgins) 419, we copy as follows:

". . . Real estate seekers cannot be beguiled into purchases by the material misrepresentations of sales agents and told by owners upon making complaint that they, the owners, were not responsible for the loud and boastful assertions made by the agents during the stimulating of the purchasing desires of the customer. It is safer to hold vendors liable for the false or untrue representations of matters of fact made by brokers during negotiations. The rule laid down still leaves room in which these promoters of sales may puff and express extravagant opinions."

Assignment of error No. VII is respectfully overruled.

The decree of the lower court is affirmed. The costs in the Court below and in this Court are taxed against the appellant, James Levoy Walker.

MATHERNE and NEARN, JJ., concur.

## PETITION TO REHEAR DENIED

CARNEY, Presiding Judge.

On July 19, 1971, this Court announced an opinion affirming the action of the Chancery Court of Hamilton County awarding a judgment of $2,150 in favor of the complainants, Horace E. Hunt and wife, against the defendant, James Levoy Walker, for fraudulent concealment of defects in a house purchased by Hunt and wife from the defendant Walker. The defendant, James Levoy Walker, has filed a petition to rehear.

After careful consideration we hold that all of the assignments of error contained in the petition to rehear must be overruled except that portion of assignment of error No. VI in which the defendant-appellant, James Levoy Walker, contends that His Honor the Chancellor erred in decreeing that the fraud committed by the defend-

ant-appellant Walker was ". . . such fraud or false pretense as is within the purview of 11 United States Code Annotated, Par. 35."

In the opinion of date July 19, 1971, we pretermitted a ruling on this question because such finding was not necessary to the relief granted by His Honor the Chancellor.

The appellant makes a very forceful insistence in his petition to rehear that the effect of our former ruling is to take away from the Referee in Bankruptcy the authority to determine whether or not the fraud perpetrated by defendant Walker was such fraud as was covered by Paragraph 35 of 11 United States Code Annotated. It was and is our opinion that the broad appeal completely vacated the decree below and only the opinion and decree of this Court were binding on the appellant.

However, because of the earnest insistence of solicitor for the appellant that appellant is prejudiced by our failure to rule on assignment of error No. VI we have granted the petition to rehear assignment of error No. VI.

A re-study of the record reveals no mention of Paragraph 35, Title 11, United States Code Annotation, except in the final decree of the Chancellor. Complainants' bill was predicated on fraud in fact and statutory fraud was not relied upon. A finding by the Chancellor of violation of Paragraph 35, Title 11, United States Code Annotated, was beyond the scope of the pleadings and on attack must be set aside. Gibson's Suits in Chancery, 4th Edition, page 473, Section 555.

The opinion of date July 19, 1971, is modified so as to sustain assignment of error No. VI but we reaffirm the statement contained in our original opinion that such error on the part of His Honor the Chancellor was at most harmless error. T.C.A. Section 27–117. A decree will be entered in this Court affirming the decree of the lower Court awarding judgment in favor

of the complainants against the defendant in the amount of $2,150 together with costs and accrued interest but said decree will recite that that portion of the decree of the lower Court adjudging the defendant's conduct to be within the purview of Paragraph 35 of 11 United States Code Annotated is reversed.

MATHERNE and NEARN, JJ., concur.