# Marlin Denlinger and Kay Denlinger v. David Mudgett and Marion Mudgett

[559 A.2d 661]

No. 87-380

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed February 24, 1989

*Ann Corbett Moore* of *Law Office of Dennis Provoncha*, Morrisville, for Plaintiffs-Appellees.

*Otterman and Allen, P.C.*, Barre, for Defendants-Appellants.

**Allen, C.J.** Defendants appeal the order of the Lamoille Superior Court entering judgment for plaintiffs in this misrepresentation action. We affirm.

The trial court found the following facts. Plaintiffs purchased eighteen acres of property in Morrisville from defendants, for the purpose of building a residence. In deciding to purchase the property, plaintiffs relied in part on the statement of defendants' broker that the land had passed a percolation test, making it suitable for an in-ground septic system. At the time the broker made the statement, he had been told by the defendants that the property had failed a percolation test. This statement was not authorized by defendants, and there was no evidence that defendants were aware of the misrepresentation by the broker. The broker had been authorized to make representations about the property and advised the plaintiffs that he had such authority.

Plaintiffs paid a portion of the purchase price to defendants and gave them a note and mortgage for the balance. Before obtaining a building permit, plaintiffs were required to conduct a percolation test on the property. The land failed the test, rendering it impossible for plaintiffs to install a traditional, in-ground septic system. Instead, they were required to install a "mound system," which was to cost substantially more than an in-ground system.

Plaintiffs brought this action against defendants for the damages resulting from the misrepresentation of their broker. Plaintiffs stopped paying on the note, and defendants counterclaimed for foreclosure of the mortgage. The superior court found for plaintiffs on their claim of misrepresentation and for defendants for their foreclosure action. The court offset the balance due defendants on the mortgage by the costs to plaintiffs of bringing the misrepresentation action and the amount of damages due them.

Defendants appeal arguing (1) that the trial court erred when it found defendants liable for the misrepresentation of their broker, and (2) that the superior court, composed of the presiding judge and two assistant judges, was improperly constituted under 12 V.S.A. § 4523(c) to consider the foreclosure claim.

█ The superior court was correct in holding defendants liable for the misrepresentation of their broker. "[O]ne who employs an agent to sell land is responsible for the representations made by the agent to effect a sale where such representations are within the apparent scope of his authority." *Smith* v. *DeMetre*, 119 Vt. 73, 79, 118 A.2d 346, 351 (1955). More recently, this Court held "the owner is responsible for the representations of his agent, the broker, made within the scope of his selling authority." *Negyessy* v. *Strong*, 136 Vt. 193, 195, 388 A.2d 383, 385 (1978). The superior court found that the broker "had authority to show the property to prospective purchasers, make representations about the property and negotiate a sale of the property between Defendants and perspective [sic] purchasers." The question, therefore, is whether the statement that the property had passed a percolation test was within the scope of the broker's apparent authority. We conclude that it was.

We are among those jurisdictions that follow the rule that a broker may bind a seller with statements about the property. To determine whether the broker's statements bind the seller we consider the substance of the statement. For example, we held

that a broker's representation regarding profits from a summer camp being sold were outside his apparent authority, because "[t]he element of profit from a business is particularly within the knowledge of the owner or proprietor." *Smith* v. *DeMetre*, 119 Vt at 79, 118 A.2d at 351, By contrast, the Supreme Court of Nebraska has held that a misrepresentation by the sales representative of the seller as to the depth of fill on a lot, if established, was actionable against the seller. *Beveridge* v. *Miller-Binder, Inc.*, 177 Neb. 734, 737, 131 N.W.2d 155, 157-58 (1964). Another court has held that a broker's statement to buyers that a home was in good condition and had recently been repaired was binding on the seller. *Hunt* v. *Walker*, 483 S.W.2d 732, 736-37 (Tenn. Ct. App. 1971). Other courts have held a seller liable for a broker's misrepresentation that the home had its own septic system, *Foust* v. *Valleybrook Realty Co.*, 4 Ohio App. 3d 164, 165, 446 N.E.2d 1122, 1124-25 (1981), and a broker's statement regarding the conditions of a swimming pool and the retaining walls around a house and the structural soundness of the home as well as the heating system, *Byrn* v. *Walker*, 275 S.C. 83, 88, 267 S.E.2d 601, 602 (1980).

The statement at issue here appears to be of the same character as those for which sellers have been held liable, because it is a statement of fact relating directly to the physical characteristics of the property being sold. It is distinguishable from the statement in *Smith* v. *DeMetre*, 119 Vt. at 79, 118 A.2d at 351, which dealt with the more intangible issue of profits from a business. Therefore, we conclude that the statement by the broker that the property had passed a percolation test was within the apparent scope of his authority, and thus defendants are liable.

■ The defendants ask that the foreclosure decree be declared a nullity because the trial court was improperly constituted. But the record here does not disclose that defendants obtained permission to appeal this issue, as required by 12 V.S.A. § 4601.* Compliance with a statute granting appellate review is required in order to give this Court jurisdiction to review. *Tucker* v. *Yandow*, 100 Vt. 169, 135 A. 600 (1927). Failure to comply with § 4601 is jurisdictional and leaves this Court without authority to entertain

---

* According to 12 V.S.A. § 4601:
   When a judgment is for the foreclosure of a mortgage, permission of the court shall be required for review.

the purported appeal. *Webster* v. *LaDuke*, 126 Vt. 27, 27, 220 A.2d 474, 474 (1966). It is true that want of subject matter jurisdiction may be raised at any time, V.R.C.P. 12(h)(3). But of equal dignity is the unyielding rule that this Court will not accept appeals over which it has no jurisdiction. Defendants chose to exercise their rights to attack the constitution of the trial court because of a statute specifically addressing the makeup of the trial bench in foreclosures. They could not at the same moment ignore a statute specifically addressing the mode of appeal from foreclosure decrees.

*Affirmed.*