## Lisa DARDEN v. Steven O'KEEFE

[762 A.2d 852]

No. 99-443

October 16, 2000. Defendant Steven O'Keefe appeals from a summary judgment in favor of plaintiff Lisa Darden on her judgment lien foreclosure complaint, claiming the court erred in: (1) deciding defendant's property was not entitled to homestead protection; and (2) shortening the redemption period without notice to him. He challenges the authority of the trial court to condition his right of appeal on giving a bond. We agree that the trial court could condition his appeal on providing a bond and dismiss the appeal for lack of jurisdiction.

Plaintiff filed her judgment lien foreclosure complaint against defendant on July 17, 1998, based on a judgment she obtained against him in 1992. The underlying debt involves defendant's failure to pay on a promissory note he gave to plaintiff to purchase land on which he has built a house over a period of fifteen years. Defendant resisted the judgment lien foreclosure action by claiming that the land and house is a homestead, exempt from enforcement of the judgment lien by 27 V.S.A. § 101. See *Mercier v. Partlow*, 149 Vt. 523, 527, 546 A.2d 787, 790 (1988) (homestead exemption applies in action to enforce judgment lien). The parties filed cross-motions for summary judgment on the issue, and the trial court granted plaintiff's motion, ruling that homestead protection did not apply on the facts of the case. Defendant both filed a notice of appeal and moved for permission to appeal, arguing, however, that permission was unnecessary. The superior court ruled that permission was necessary and granted it, conditional on defendant posting a $50,000 bond to provide security for plaintiff's prospective losses. Defendant failed to post the bond, arguing instead that no permission was necessary, and plaintiff moved to dismiss the appeal because of defendant's failure to comply with the appeal condition.

The issue of whether permission to appeal is required in this case turns on the proper interpretation of 12 V.S.A. § 2903(c), which provides:

> (c) If a judgment lien is not satisfied within 30 days of recording, it may be foreclosed and redeemed as provided in this title and V.R.C.P. 80.1.

The parties agree that the reference is to foreclosure and redemption of mortgages, the only foreclosure procedure set out in Title 12 and the subject of Rule 80.1. Plaintiff argues that the procedure necessarily includes 12 V.S.A. § 4601, which provides: "When a judgment is for the foreclosure of a mortgage, permission of the court shall be required for review." Defendant argues that the appeal procedure is not covered by the "foreclosed and redeemed" language of § 2903(c).

We agree with plaintiff that the appeal period is included in the reference in § 2903(c). As this case demonstrates, an appeal may be a part of any foreclosure action. Thus, the term "it may be foreclosed" must include all the actions necessary to obtain a foreclosure decree, including if necessary, the appeal. Section 2903(c) contains a general incorporation by reference which "refers to the law on the subject generally." 2B Sutherland, Statutory Construction § 51.07, at 190 (5th ed. 1992); see also *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 617 (1992) (general incorporation of penalty provisions of other statutes encompassed all the terms of the referenced statutes including their limitations). That law, including the appeal permission requirement, is all contained in chapter 163 of Title 12.

At least impliedly, we took that view in drafting V.R.C.P. 80.1. This rule originally

covered only mortgage foreclosures and was amended in 1981 to implement the 1979 enactment of § 2903(c) that created the judgment lien. See Reporter's Notes to 1981 Amendment to V.R.C.P. 80.1. Rather than amend all its sections to specifically include judgment liens in their coverage, section (l) (originally (g) was added to provide: "(l) Foreclosure of Judgment Liens. This rule shall apply to foreclosure of a judgment lien pursuant to statute." Section (m) of the rule now specifically provides that permission to appeal a mortgage foreclosure judgment be sought within ten days of the judgment.

We are unpersuaded by defendant's argument that the effect of this interpretation is that an earlier narrow and precise statute, applicable only to a specific subject, is submerged by a later-enacted general statute. See *F.M. Burlington Co. v. Commissioner of Taxes*, 134 Vt. 515, 518-19, 365 A.2d 531, 533 (1976) (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976)). Our ruling is only that 12 V.S.A. § 4601 is applicable to enforcement of judgment liens because it is incorporated by reference; its application to mortgage foreclosure is unaffected. Nor are we persuaded that the Legislature may have decided to exempt appeals of judgment lien enforcement actions from the permission requirement because they raise complicated questions of the application of the homestead exemption. The Legislature never referenced the homestead exemption in the judgment lien law, see *Mercier*, 149 Vt. at 527, 546 A.2d at 790, and judgment liens apply to all real property, of which homesteads are only a part. In any event, we do not agree that mortgage foreclosure cases are less complicated than judgment lien enforcement actions or that the policy behind the permission requirement is related to the complexity of the action. Indeed, the absence of a reason why the Legislature would distinguish a judgment

lien foreclosure action from a mortgage foreclosure action for purposes of the appeal permission requirement weighs against defendant's interpretation of the statute. See *Kellogg-Hubbard Library, Inc. v. Labor Relations Bd.*, 162 Vt. 571, 577, 649 A.2d 784, 787 (1994).

Because the permission requirement applies to appeals of judgment lien enforcement orders, the court had the power to condition permission to appeal on posting a bond. See Reporter's Notes to 1985 Amendment to V.R.C.P. 80.1; *Factory Point Nat'l Bank v. Equinox Co.*, 110 Vt. 277, 279, 5 A.2d 462, 462 (1939). Thus, the failure to post the bond deprives us of jurisdiction over the appeal. See *Denlinger v. Mudgett*, 151 Vt. 208, 210-11, 559 A.2d 661, 663 (1989).

We recognize that we can review the exercise of the superior court's discretion with respect to permission to appeal. See *Vermont Nat'l Bank v. Clark*, 156 Vt. 143, 145, 588 A.2d 621, 622 (1991). Defendant has not, however, claimed that the superior court abused its discretion in imposing the bond requirement. In the absence of such a claim, we cannot review the court's condition. *Vermont-People's Nat'l Bank v. Robertson*, 102 Vt. 379, 380, 148 A. 408, 408 (1930).

*Appeal dismissed.*