The BANK OF NEW YORK v. Nicholas J. LENGE, Leonard's Gas & Electric Service and Nicholas Lenge, Jr. v. TMS Mortgage, Inc. d/b/a The Money Store

[779 A.2d 76]

No. 01-337

August 23, 2001. Appellee Bank of New York moves to dismiss appellant Nicholas J. Lenge's pro se appeal for lack of jurisdiction. The Bank argues that because Lenge failed to seek the permission of the trial court to appeal from the judgment of foreclosure, which included judgment on Lenge's counterclaims and third-party claims, this Court is without jurisdiction to hear his appeal. We agree and dismiss the appeal for lack of jurisdiction.

Before an individual can appeal to this Court from a judgment of foreclosure, the individual must seek permission from the trial court within ten days of judgment under 12 V.S.A. § 4601 and V.R.C.P. 80.1(m). This rule promotes finality of foreclosure judgments. See *Citibank v. Groshens*, 171 Vt. 639, 640, 768 A.2d 1272, 1273 (2000) (mem.) (dismissing appeal from denial of motion to reopen foreclosure judgment where appellant had failed to seek permission to appeal original foreclosure judgment, and noting that allowing such appeals would circumvent rule designed to promote finality); see also Reporter's Notes, V.R.C.P. 80.1 (1985 amendment) (noting that ten-day time limit was established to promote finality of foreclosure judgments).

Given that this action was initiated as a foreclosure action, compare *Denlinger v. Mudgett*, 151 Vt. 208, 210-11, 559 A.2d 661, 662-63 (1989) (addressing merits of sellers' appeal concerning initial action against them for misrepresentation by broker, but dismissing sellers' appeal

concerning their counterclaim seeking judgment of foreclosure based on failure to seek permission to appeal from trial court), and that the counterclaims and third-party claims are factually intertwined with Lenge's asserted defenses to the foreclosure action, we see no reason why Lenge's appeal should present an exception to the rule. We find unavailing Lenge's argument that the foreclosure can proceed pending his appeal on his counterclaims and third-party claims despite the fact that they proceeded to judgment together. Cf. *Century Indem. Co. v. Mead*, 121 Vt. 435, 436, 159 A.2d 325, 327 (1960) (noting that notice of appeal "brings the whole case, including all questions litigated in the court below which affect the final decree, if they are briefed, to this Court for review"); see also V.R.C.P. 80.1(m) (providing that judgments of foreclosure are stayed pending either the denial of permission to appeal or resolution of the appeal). Accordingly, the appeal is dismissed.