## WOODBINE CONDOMINIUM ASSOCIATION v. Charles R. and Debra M. LOWE

[806 A.2d 1001]

No. 02-151

June 24, 2002. Woodbine Condominium Association moves to dismiss the appeal of Charles R. Lowe and Debra M. Lowe for lack of jurisdiction. The Association argues that because the Lowes failed to seek timely permission of the trial court to appeal from a judgment of foreclosure on their condominium, this Court is without jurisdiction to hear this appeal. The Association also requests that we impose V.R.A.P. 25(d) sanctions on appellants' attorney because he had no reasonable basis to believe that this appeal was grounded in law and was filed only to cause unnecessary delay. We dismiss the appeal for lack of jurisdiction, but we do not impose sanctions.

The relevant facts on appeal are not in dispute. In July 2000, after homeowners Charles and Debra Lowe had fallen behind on their condominium association assessments, Woodbine Condominium Association (the Association) filed a complaint requesting foreclosure on home-owners' property. Homeowners did not file anything in response to the complaint. Accordingly, the Association moved the trial court to grant them default judgment. The court held a hearing on the default judgment motion, but defendants did not appear at the hearing. Nearly a month later, the court issued a default judgment and signed a decree of foreclosure. After the redemption period had expired, the court issued the Association a certificate of nonredemption and a writ of possession. More than a month later defendants filed a Rule 60(b) motion for relief from the default judgment and the decree of foreclosure, arguing that they should be granted relief because the Association failed to join Chittenden Bank, a junior lienholder, in the foreclosure proceedings and because of other equitable considerations. See V.R.C.P. 60(b). On December 12, 2001, the court denied the motion; homeowners filed a motion to reconsider in response. On February 21, 2002, the court denied the motion to reconsider. On March 22, 2002, homeowners filed a notice of appeal from both the December 12 and February 21 judgments of the trial court. Shortly thereafter, the Association filed this motion to dismiss and a motion for Rule 25(d) sanctions against homeowners' attorney.

The Association argues that our decision in *Citibank, N.A. v. Groshens*, 171 Vt. 639, 768 A.2d 1272 (2000) (mem.), controls this case. In *Groshens*, we dismissed a similar appeal for lack of jurisdiction because the appellant had failed to seek permission to appeal from the judgment of foreclosure. *Id.* at 640, 768 A.2d at 1273; see also 12 V.S.A. § 4601 ("When a judgment is for the foreclosure of a mortgage, permission of the court shall be required for review."); V.R.C.P. 80.1(m) (permission to appeal from foreclosure judgment shall be filed within ten days of entry of judgment); *Denlinger v. Mudgett*, 151 Vt. 208, 210, 559 A.2d 661, 663 (1989) (compliance with § 4601 "is

required in order to give this Court jurisdiction to review").

Homeowners make two main arguments in reply. First, they contend that they were not required to request permission to appeal because they are not appealing from the final foreclosure order. Instead, they argue that the foreclosure judgment is final, and they are merely appealing from the denial of their Rule 60(b) motion for relief from the foreclosure judgment. This is exactly what we confronted in *Groshens*: after the redemption period the homeowner filed a motion to reopen the foreclosure judgment. We dismissed the appeal because "the legislative policy of promoting the finality of foreclosure judgments would be thwarted if § 4601 could be circumvented simply by filing a motion to reopen weeks or months after the entry of the foreclosure judgment. This is particularly true in situations such as this where the redemption period has expired." *Groshens*, 171 Vt. at 640, 768 A.2d at 1273. We see no reason to deviate from that legislative policy in this case.

Homeowners also argue that *Groshens* does not control the outcome of this case because, there, we dealt with a mortgage foreclosure, but in the case at bar the foreclosure was based on a condominium assessment lien. 27A V.S.A. § 3-116(i) provides that a condominium assessment lien may be foreclosed pursuant to 12 V.S.A. § 4531a, the mortgage foreclosure provision. The Lowes contend that they did not require the permission of the trial court to appeal because 27A V.S.A. § 3-116(i) does not specifically state that § 4601 applies to foreclosures based on condominium assessment liens. We confronted a very similar issue in *Darden v. O'Keefe*, 171 Vt. 571, 762 A.2d 852 (2000) (mem.). Our decision was based on an interpretation of 12 V.S.A. § 2903(c), which provides that if a judgment lien is not satisfied within thirty days of recording, "it may be foreclosed and redeemed as provided in this title and

V.R.C.P. 80.1." 12 V.S.A. § 2903(c). Section 2903(c) makes no specific reference to the foreclosure appeal process. We held that the ten-day appeal provision, as well as the required permission, in § 4601 and V.R.C.P. 80.1 were applicable because an appeal could be part of any foreclosure action. Thus, "the term 'it may be foreclosed' must include all the actions necessary to obtain a foreclosure decree, including if necessary, the appeal." *Darden*, 171 Vt. at 571, 762 A.2d at 853. Similarly, in the case before us, 27A V.S.A. § 3-116(i) provides that "[t]he association's lien may be foreclosed pursuant to section 4531a of Title 12 in which case the association shall notify all the lienholders of the affected unit of its action." Section 4531a is the same mortgage foreclosure provision referenced in the statute in *Darden*. Accordingly, using the same reasoning as we did in *Darden*, we find that foreclosures based on condominium assessment liens are subject to the same ten-day permission-to-appeal requirement as mortgage foreclosures.

Homeowners also argue that because the Association failed to join Chittenden Bank, a junior lienholder on the property, the foreclosure judgment should be reopened. They contend that if Chittenden Bank had been properly joined in the proceedings, the bank would have paid the assessment lien, and the Association would have satisfied its claim. We can see how these facts may create a cause of action for the bank, but they do not affect the rights of the parties in this case. And, they are not sufficient to circumvent the Legislature's policy of promoting the finality of foreclosure judgments. Because homeowners failed to request the trial court's permission to appeal the foreclosure within the required ten days, we have no jurisdiction over this appeal and must dismiss it. See *Denlinger v. Mudgett*, 151 Vt. at 210-11, 559 A.2d at 663.

The Association also urges us to impose Rule 25(d) sanctions on homeown-

ers' attorney. Sanctions are meant to reduce unnecessary appellate caseload, but they are not meant to chill an attorney's enthusiasm or creativity. Reporter's Notes, V.R.A.P. 25(d). While the case on appeal was not strong, there was no case directly on point that contradicted the appellants' position, and the Lowes' attorney appears to have made a good faith argument that foreclosures based on condominium assessment liens should be treated differently from mortgage foreclosures. See V.R.A.P. 25(d). Sanctions are not warranted.

*Appeal dismissed. Appellee's motion for sanctions denied.*