[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11988
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00066-MP-GRJ


MARK C. JACKSON,

                                                          Plaintiff-Appellant,

versus

THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 7, 2013)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

        Mark C. Jackson appeals, pro se, the district court's grant of summary

judgment and denial of a new trial in his breach of contract suit against Hartford

Life and Accident Insurance Company (Hartford) for failing to pay his claim under an accidental death policy.  Hartford denied his claim because it did not believe that Jackson's mother died by accident, independent of all other causes.  On appeal, Jackson argues that: (1) the district court's order granting summary judgment in favor of Hartford violated the "fundamental fairness doctrine," deprived him of Due Process, and violated his Seventh Amendment right to a jury trial; and (2) the district court abused its discretion by denying his motion for a new trial, which violated his right to a jury trial.  After careful review, we affirm.

We review the district court's grant of summary judgment de novo.  Morales v. Zenith Ins. Co., 714 F.3d 1220, 1226 (11th Cir. 2013).  Evidentiary decisions are reviewed for abuse of discretion.  Corwin v. Walt Disney Co., 475 F.3d 1239, 1249 (11th Cir. 2007).  Similarly, we review the denial of a motion for a new trial for abuse of discretion.  Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1237 (11th Cir. 2013).  To the extent that a motion for a new trial may be treated as a motion to alter or amend the final judgment pursuant to Fed.R.Civ.Proc. 59(e), we also review for abuse of discretion.  Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1285 (11th Cir. 2001).  Pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney and are liberally construed.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

First, we are unpersuaded by Jackson's claim that the district court erred in granting summary judgment.  The district court may grant summary judgment to a movant if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(a).  We review the evidence presented at summary judgment and construe the facts in favor of the non-moving party.  Morales, 714 F.3d at 1226. Evidence that is inadmissible at trial cannot be used to avoid summary judgment.  Corwin, 475 F.3d at 1249. Further, we are not required to take testimony as true if that testimony is not based on personal knowledge.  Id.

Here, because Jackson has not provided any admissible evidence to carry his burden to establish that his mother's death was accidental, see New York Life Ins. Co. v. Coll, 568 So.2d 1306, 1307 (Fla. Dist. Ct. App. 1990) (holding that, for provisions covering accidental death, the beneficiary bears the burden to prove that the death was accidental), there was no a genuine dispute of material fact.  For starters, there was no admissible evidence that the trailer was excessively hot because, first, evidence that the air conditioner was not functioning was based on speculation and, second, the information derived from the website, Weather Source, was based on inadmissible hearsay.  Furthermore, because there was no evidence that his mother suffered from diabetes, the information from the Mayo Clinic website defining diabetic ketoacidosis was irrelevant.  As for Jackson's

3

attempt to suggest his mother had diabetes or over-heated through the assertion that she had coffee and sugar in her stomach at the time of death was not based on admissible evidence; the medical examiner testified that it was a mere possibility. Moreover, the photograph of his mother apparently attempting to lift her shirt is insufficient on its own to allow a jury to find that his mother died of heat exhaustion or heat stroke. Thus, Jackson failed to provide any admissible evidence to create a genuine dispute of any material facts that would entitle him to relief under the policy.

As for Jackson's claim regarding his right to a jury trial, it is well-settled that the grant of summary judgment does not deprive a party of his Seventh Amendment right to a jury trial. Zivojinovich v. Barner, 525 F.3d 1059, 1066 (11th Cir. 2008). Therefore, we affirm the district court's grant of summary judgment in favor of Hartford.

Nor are we convinced by Jackson's argument that the district court abused its discretion by denying his motion for a new trial. To begin with, the Federal Rules of Civil Procedure only permit a grant of a new trial if there was a trial in the first place -- jury or nonjury. See Fed.R.Civ.Proc. 59(a)(1). Thus, because Jackson's motion for a new trial came after the district granted summary judgment, the requisite trial did not occur, and the district court did not abuse its discretion by denying the motion.

4

As for the merits of the motion, a litigant "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Similar to the motion to alter or amend the judgment in Michael Linet, Jackson's motion was "essentially a motion to reconsider the district court's prior summary judgment order." Id. His motion implicated already-presented evidence and arguments. As a result, the district court did not abuse its discretion by denying his motion.

**AFFIRMED.**