# ENTRY ORDER

## SUPREME COURT DOCKET NO. 2017-028

## FEBRUARY TERM, 2017

| | | |
|---|---|---|
| Lillian E. Billewicz | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windham Unit, |
| | } | Civil Division |
| Estate of John J. Fanelli | } | |
| | } | DOCKET NO. 342-10-16 Wmcv |

In the above-entitled cause, the Clerk will enter:

This is an appeal from a superior court judgment dismissing plaintiff's pro se complaint alleging fraud in the valuation of property that was the subject of an earlier foreclosure proceeding between the parties. For the reasons expressed below, we dismiss.

The record discloses as follows: In 2005, Stetson Enterprises, Inc. purchased the subject property and executed a mortgage to John Fanelli, who was succeeded by the defendant Estate of John J. Fanelli after he died in April 2013. In June 2013, plaintiff purchased the property from Stetson and assumed the mortgage. In January 2014, the parties entered into a stipulation settling a foreclosure action previously commenced by Fanelli. Pursuant to the stipulation, the parties agreed to the entry of a judgment and decree of strict foreclosure, agreed that there was presently due and owing an amount of $300,000, and agreed that the fair market value of the property was not substantially more than that amount. Plaintiff also executed a general release in favor of the defendant Estate. In January 2014, pursuant to the stipulation, the superior court issued a judgment order and decree of foreclosure with an agreed redemption date of July 11, 2014.

Plaintiff did not redeem, but rather, on the day the redemption period was to expire, filed a motion to stay followed by a series of bankruptcy petitions, all of which were ultimately dismissed by the federal bankruptcy court. In June 2015, the superior court issued a writ of possession and certificate of nonredemption. The court denied a motion for reconsideration the following month. More than one year later, in October 2016, plaintiff filed the instant pro se complaint, alleging that the Estate had fraudulently mispresented the fair market value of the property. The Estate filed a motion to dismiss or in the alternative motion for summary judgment. An affidavit in support of the motion stated that the property was currently under a contract of sale for less than $300,000.

The trial court treated the motion as one for summary judgment, issued a written decision granting the motion, and entered judgment in favor of defendant Estate. The court noted that the foreclosure judgment was final, that plaintiff had failed to follow the procedures for appealing the judgment pursuant to V.R.C.P. 80.1`(m), and that nothing in the complaint showed that she could not have challenged the earlier stipulated value during the foreclosure proceedings. Accordingly, the court conclude that the complaint was barred. In addition, the court concluded that defendant

was entitled to judgment on the basis of plaintiff's general release. This appeal by plaintiff followed.

We have recognized a strong legislative policy favoring finality of foreclosure judgments, and have held—consistent with that policy—that a complaint for relief pursuant to V.R.C.P. 60(b) cannot be used to circumvent that requirement. Woodbine Condo. Ass'n v. Lowe, 174 Vt. 457, 458 (2002) (mem.). Although structured as a collateral action, plaintiff's complaint is essentially a request for relief from the foreclosure judgment pursuant to Rule 60(b). There is no basis to conclude that the instant appeal is anything other than an attempt to circumvent the policy of finality, and therefore we conclude that the appeal must be dismissed for lack of jurisdiction. See id. (holding that, where plaintiffs failed to appeal foreclosure judgment within required time period, "we have no jurisdiction over this appeal and must dismiss it"). Our decision renders moot defendant's motion to require the posting of a bond during the pendency of the appeal.

Appeal dismissed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

2