Filed 03/13/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01936

> **WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al**

## ENTRY REGARDING MOTION

Title: Motion to Strike Defendants' Motion to Correct Alleged Clerical Errors (Motion: 23)
Filer: Sheldon M. Katz
Filed Date: March 02, 2026

The motion is DENIED.

Plaintiff seeks to dismiss Defendants' most recent filings based on the lack of any payment accompanying the motions as is normally required for post-judgment motions. 32 V.S.A. § 1431(e).

In foreclosure cases, like the present one, there is a substantial question as to whether it is equitable to treat a Rule 60(b) motion as a post-judgment motion when the process of foreclosure has not been completed.

On one hand, Plaintiff is correct that a judgment for foreclosure has been entered and has become final under statutory and court procedure as well as the law of the case. See 12 V.S.A. § 4601; V.R.C.P. 80.1(m); see also *Denlinger v. Mudgett*, 151 Vt. 208, 210 (1989) (discussing the finality of foreclosure judgments and limits on appeals under Section 4601); *Wells Fargo, N.A. v. Ndibalema*, Dckt. No. 25-AP-362 (Oct. 2025) (mem,) (dismissing Defendant Ndibalema's appeal as untimely and lacking permission under court rules).

On the other, Defendant's equity in the property has not been foreclosed and Plaintiff is obligated to take additional steps with the Court and to file additional reports and motions with the Court to foreclose Defendant's equity of redemption and to complete the judicial sale procedures. 12 V.S.A. §§ 4945–4954.

If the Court were to strictly adhere to 32 V.S.A. § 1431, it would create the imbalance of allowing plaintiffs to make filings during the post-foreclosure judgment process without post-judgment fees while requiring such fees from defendants. To the extent that there may be a certain legal precision and logical consistency to such an imbalance, it is wiped out by the confusion that it creates in a process already fraught with technical requirements and standards.

While this Court will not go as far as to rule that all such Rule 60(b) motions after the judgment of foreclosure is entered should be exempt from the post-judgment fee rule, the Court

finds that in most cases where there is a self-represent litigant seeking to preserve their primary residence, it is in the interest of equity and fairness to permit such motions without the gatekeeping function of a fee.

This is not to offer an opinion on the merits, or lack thereof, of Defendant's most recent motion. Rather it is an expression of the fundamental purpose of the Civil Rules of Procedure to permit courts to decide issues on the merits where possible, instead of making technical determinations.

For these reasons, Plaintiff's motion to strike is **Denied**. Plaintiff shall have 30 days from the date that this Order issues to file a response to Defendant's Rule 60(b) motion, and after an opportunity for Defendant to reply, the Court will then review and rule on the motion. At this point, the Court has not stayed any deadlines in this matter, and the timeframe for any redemption of equity has neither been stayed nor tolled.

**So Ordered.**

Electronically signed on 3/12/2026 6:37 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge