Vermont Superior Court
Filed 10/06/25
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01936

---

**WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al**

---

# ENTRY REGARDING MOTION

Title:          Motion for Relief From Judgment; Motion; Motion to Amend; Motion for Extension of Time ; Motion For: for leave to file reconstruction pleading; to amend pleading and add parties;  (Motion: 17; 18; 19; 20)
Filer:          Fuad Ndibalema; Fatu Kankolongo; Fuad Ndibalema; Fatu Kankolongo; Fuad Ndibalema; Fatu Kankolongo; Fuad Ndibalema; Fatu Kankolongo
Filed Date:     September 10, 2025; September 19, 2025; September 19, 2025; September 24, 2025


The motions are DENIED.

Defendants Fuad Ndibalema, Fatu Kankolongo, and Snffreshstart, LLC have filed several post-judgment motions seeking to set aside the March 14, 2025 decision granting summary judgment to Plaintiff Wells Fargo Bank, NA as Trustee for Soundview Home Loan Trust 2007-OPT1 on its foreclosure claims and the August 25, 2025 final amended judgment.  The Court will address each of the motions briefly.

### 1. Motion for Leave to File Reconstruction Pleading

Defendants have filed a motion that seeks to file what they characterize as "reconstructed pleadings."  It is not clear which documents Defendants' motion considers to be the "reconstructed pleadings" as the motion refers to a response to the motion for summary judgment, but the Rule cited in the motion is V.R.C.P. 10(c), which refers to initial pleadings in a case.  To the extent that Defendants wish the Court to consider their 200-page filing and their 86-page filings, the Court will allow these documents as attachments to the pending motions.  Since neither of these sets of documents consist of either motions or pleadings, the Court's consideration of them as part of the pending motions does not require a separate motion.  To the extent that Defendants wish the Court

to consider their 40-page Motion to Amend, the Court will deal with that filing separately below as it is label a Motion to Amend.  As such, the Court **Denies** this Motion as **Moot** since the relief sought is neither necessary nor consistent with V.R.C.P. 10, but the Court to consider the documents as part of Defendants' Motion to Reconsider, Motion for a New Trial, and Motion for an Appeal.

## 2. Motion for Relief from Judgment

Defendants, as a preliminary matter, seek to set aside the Court's March 14, 2025 Order granting Plaintiff's Motion for Summary Judgment and the Court's Amended Final Judgment entered on August 25, 2025.  A motion to reconsider must specify the grounds on which it is based, and the moving party is obligated to put forward specific facts or legal analysis of "a strongly convincing nature."  11 C. WRIGHT & A.MILLER, FED. PRAC. & PROCED. CIVIL, at § 2817, n.1.  A motion to reconsider falls within the broad discretion of the trial court.  *Sandgate Sch. Dist. v. Cate*, 2005 VT 88, ¶ 6.

In their motion, Defendants first assert that they did not realize that their "Cross Judgment and Joint Memorandum of Authorities Pleading of 6 and 40 and 9 pages" might not have been filed with the Court or opposing party, in part, because they did not have access to the Court's on-line filing system to check or confirm their filings.  To rectify this oversight, they have filed their missing pleadings and request the Court set aside the summary judgment motion to consider and accept them.

None of Defendants' new filings, however, respond to Plaintiff's Motion for Summary Judgment.  Under Rule 56(c), a party seeking to oppose a Motion for Summary Judgment must respond to the moving party's statement of undisputed material facts and "must file a paragraph-by-paragraph response, with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute . . . ."  V.R.C.P. 56(c)(2).  This is in addition to any legal argument or briefing that they seek to file to respond to the moving party's motion for summary judgment. *Caldwell v. Champlain College Incorporated*, 2025 VT 17, ¶ 8 (noting that a determination of the factual records comes before an analysis of the motion).

Defendants have filed three packets of documents along with their various motions.  The first is an 86-page packet of various documents related to the foreclosure and some of Defendants' research (including the history of a FOIA request that the Defendants made to the federal Securities

and Exchange Commission). The second is a 200-page packet that contains a copy of Plaintiff's Motion for Summary Judgment and supporting documents (copies of the mortgage, promissory notes, closing documents, property appraisal, loan servicing documents, and other foreclosure-related documents) but no responsive filings or opposition briefs. The third is a 40-page filing that contains a new set of counterclaims, a Motion for Judgment on the Pleadings, and a jury demand.[1]

A failure to properly respond to a motion for summary judgment, particularly the statement of undisputed facts, means that the Court need not consider any facts outside of Plaintiff's statement of undisputed material facts. *Caldwell*, 2025 VT 17, at ¶ 9 (citing V.R.C.P. 56(c)(5)). Thus, even if the Court were inclined to revisit the motion for summary judgment, Defendants' filings do not respond to the motion in the manner established by Rule 56 and do not constitute, even under a more lenient standard, a sufficient reply to Plaintiff's straightforward motion for summary judgment. *Zorn v. Smith*, 2011 VT 10, ¶ 22 (noting that while a court will grant pro se litigants leeway, they are still "bound by the ordinary rules of civil procedure.") (quoting *Vahlteich v. Knott*, 139 Vt. 588, 591 (1981)).

Thus, the Court is not compelled, in this case, to grant Defendants' motion for relief on the basis that the filings sought to be added do not respond to the motion for which Defendants seek relief. Therefore, the Motion to re-open under V.R.C.P. 60(b)(1) is **Denied.**

Defendants also contend that the judgment should be set aside under Rule 60(b)(5) because of a Truth in Lending Act Recission Notice that Defendants purport to have sent to Plaintiffs on January 24, 2025. The letter, which the Court has located on the 10th page of their 86-page packet states that they are rescinding the "unconsummated transaction" involving their mortgage pursuant to 15 U.S.C. §§ 1635, 1640 and 12 C.F.R. § 1026.23.

Defendants' letter does not, in and of itself, provide a basis to set aside a judgment under Rule 60(b)(5) because it seeks to undo a past action, that is the underlying loan secured by the note and mortgage. Rule 60(b)(5) applies to judgments that have a prospective effect and not to judgments that secure a remedy for a past wrong. 11 C.Wright & A.Miller, Fed. Prac. & Proc. Civil § 2863 (ed. ed. 2025 update); see also *Tapper v. Hearn*, 833 F.3d 166, 170–72 (2d Cir. 2016).

---

[1] Notwithstanding the different headings, this filing appears to be a single integrated document as the paragraphs are continuously numbered and the Motion for Judgment on the Pleadings is placed between the preliminary pleadings concerning parties, jurisdiction, and venue and the latter pleading of Defendants' seven counterclaims.

22-CV-01936 WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al

Even if the Court were to consider the letter, there is no equitable relief available under the Truth in Lending Act's provisions that Defendants' letter seeks to invoke. As Rule 1026.23 notes, the right to recission expires no later than three years after consummation of the transaction. 12 C.F.R. § 1026.23(a)(3)(i). The term "consummation" is defined as the time that a consumer becomes contractually obligated on a credit transaction. 12 C.F.R. § 1026.2(a)(13). The present note was created and consummated in 2007 when it was executed and when Defendants began making payments on the loan. They defaulted on their November 2017 payment and all payments thereafter. As such, Defendants' ability to rescind under the provisions of 15 U.S.C. § 1635 ended over a decade before the January letter, and the relief sought is unavailable as a matter of law.

For these reasons, Defendants' motion for relief under Rule 60(b)(5) is **Denied.**

Finally, Defendants seek to set aside the judgment based on Rule 60(b)(6) because of their January 24, 2025 letter and the provisions of 15 U.S.C. § 1635 regarding recission. This portion of the motion is unavailing on two grounds. First, it seeks to raise arguments that could have but were not raised in their original opposition to summary judgment. See *One West Bank, FSB v. Hazlett*, 2014 WL 5795273, at *2 (May 12, 2014) (Wesley, J) (noting that a party may not generally use Rule 60(B)(6) to raise "arguments that may have been defenses to Plaintiff's motion for summary judgment."). Second, as noted above, even if the Court were to consider this argument, it is unavailable on its face. A party may not seek to rescind a mortgage and loan 18 years after it was executed. As such, there are no grounds under Rule 60(b)(6) to set aside the judgment. Therefore, Defendants' motion for relief under Rule 60(b)(6) is **Denied.**

### 3. Motion for a New Trial

As Plaintiff notes, a motion for a new trial under Rule 59 is improper when challenging the grant of a motion for summary judgment. See *Jackson v. Hartford Life & Acc. Ins. Co.*, 543 F. App'x 977, 979 (11th Cir. 2013) (noting that the Rules of Civil Procedure "only permit the grant of a new trial if there aw a trial in first place . . . .").[2]   Furthermore, Defendants cannot use this motion to do an end-run around their failure to timely or properly file an opposition to the motion for summary judgment as required under Rule 56. For these reasons, the Motion for a New Trial is **Denied.**

---

[2] The Court may cite to federal court decisions interpreting and implementing the Federal Rules of Civil Procedure when the federal rule is analogous to Vermont's rule. *Belter v. City of Burlington*, 2025 VT 35, ¶ 11. In this case, Vermont's Rule 59 is sufficiently similar to federal Rule 59 for the Court to look to federal cases for guidance.

22-CV-01936 WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al

### 4. **Motion to Appeal.**

A motion to appeal must be filed within 14 days of the judgment order from which the appeal is sought to be taken. V.R.C.P. 80.1(m). In this case, Court entered judgment on August 25, 2025. Defendants filed their Motion to take an Appeal on September 10, 2025, two days after the period for an appeal expired. The deadline for a motion to appeal is a jurisdictional consideration, and a late filing must be denied unless there is a showing of excusable neglect. *In re Lund*, 2004 VT 55, ¶ 4 ("Appellate Rules 3 and 4 make clear that the timely filing of the notice of appeal is a jurisdictional requirement.") (quoting *In re L.B.*, 147 Vt. 82, 84 (1986)); see also *In re von Turkovich*, 2018 VT 57, ¶ 5, 6 (noting that the failure to file a timely appeal due to party's actions does not give rise to excusable neglect). In this case, the facts show that the Motion was filed in an untimely manner, and Defendants' motion provides no basis for this delay or grounds for an extension. In reviewing the record, the Court find such grounds, and the motion to appeal is **Denied.**

### 5. **Motion to Extend Time to File an Appeal**

The analysis for Defendant's motion for an extension of time to appeal is similar to the prior analysis. Under 12 V.S.A. § 4601, a party must seek permission from the Court file a notice of appeal in a foreclosure action from a mortgage. *Darden v. O'Keefe*, 171 Vt. 571 (2000) (mem.). Under Rule 80.1(m), the time to request an appeal is within 14 days of the entry of judgment. As the Vermont Supreme Court has noted, the purpose of this limited window is to promote finality. *Woodbine Condominium Ass'n v. Lowe*, 174 Vt. 457, 458 (2002) (mem.). In this case, the time for appeal has ended, and Defendants did not request review or permission to appeal in a timely manner. As such, the Court finds no basis to extend the time for appeal as there has been no showing of excusable neglect that would be needed to extend the time for permission to take an appeal. See *In re von Turkovich*, 2018 VT 57, ¶ 6. For these reasons, Defendants' Motion to Extend the Time to File an Appeal is **Denied.**

### 6. **Motion to Amend and Motion for Judgment on the Pleadings**

The Court will take up the last pending Motion before the Court, which Defendants characterize as a Motion to Amend their answer to include seven counterclaims and seeking judgment on the pleadings. Since the Motion on the Pleadings is dependent on taking up the Motion to Amend, the Court will look to that Motion first.

Under Rule 15(a), a party may only amend its pleadings with permission of the Court after the time for responsive pleadings has passed. Such amendments are generally granted, unless one of four factors are triggered by the filings. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4 (describing the four factors as (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party).

In this case, Defendants seek to add seven counterclaims nearly a month after final judgment in this matter has been entered. This late filing raises two of the four factors, undue delay and prejudice to the opposing party. To begin, there is no explanation as to why Defendants waited until after judgment was entered to bring these amended counterclaims, and there is nothing in the pleadings that would indicate that the claims are based on new or recently discovered information. As noted above, this is a 2007 loan that has been the subject of at least one prior civil case (Docket No. 207-14-18 Wncv) and two Vermont Supreme Court appeals (22-AP-024 and 20-AP-153). Defendants have been involved in foreclosure litigation on this property since 2018. The present complaint was filed in June of 2022. It is unreasonable at this late date to allow further amendment. See *Hickory v. Morland*, 2005 VT 73, ¶ 6 (mem.) (holding undue delay exists when a party had an opportunity to bring forward a claim or amendment at an earlier time but did not); see also 6 C.Wright & A. Miller,Fed. Prac. & Proc. Civil § 1488 (3d ed. 2025 update) (collecting cases showing that late filed amendments, particularly where the amendment would be unduly burdensome).

In this case, Defendants seek to set aside the judgment and re-open the case three years into the litigation. Their motion effectively seeks to raise entirely new claims that would require response, discovery, and additional motion practice to Plaintiffs. In effect, Defendants' motion looks to turn back the clock three years and re-start the litigation. Such an action is unduly burdensome. Based on these facts and analysis, the Court finds that an amendment to the pleadings at this late date would constitute an undue delay, and therefore, the Motion to Amend is **Denied.**

In addition to the undue delay, the Court finds that the circumstances would create prejudice to the opposing party. As noted, an amendment would require Plaintiffs to respond and effectively re-do the case. Such an amendment has been found by at least one court to be manifest prejudice. *Laber v. Long View R.V., Inc.*, 454 F.Supp.3d 158, 172–73 (D. Conn. 2020) (finding that a motion to amend claims three-years into litigation constituted a manifest prejudice to the non-moving party). In this case, Defendants have had more than sufficient time to raise these claims or amend the

pleadings in a timely manner. Allowing them at this time would constitute substantial prejudice to Plaintiffs. For this additional reason, the Motion to Amend is **Denied.**

**ORDER**

Based on the foregoing, Defendants Motions are **Denied.** The present Order and Judgment of Foreclosure remain in place and the period of redemption under 12 V.S.A. § 4947 shall continue to run in this matter.

Electronically signed on 10/3/2025 7:22 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

22-CV-01936 WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al