ELMER BARCLAY v. THAD M. DREW ET AL.

January Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 2, 1933.

*Sumner E. Darling,* pro se.

*Horace F. Graham* and *Walter H. Cleary* for the plaintiff.

POWERS, C. J. This petition for foreclosure resulted in a decree for the plaintiff which provided for certain payments at specified times until the mortgage debt was wiped out. The payments so called for, up to and including January 1, 1933, were duly made. In the meantime, the defendants Drew and Loomis quitclaimed the mortgaged premises to the defendant Darling. After the decree was rendered, and on September 26, 1932, and while they were subject to a 4 per cent. discount, the plaintiff paid taxes due on the property amounting to $80.43,

and at or about the same time paid the sum of $12.82 then due for a fire insurance policy covering the mortgaged property. On October 24, 1932, the decree was so amended as to include these sums as a part of the mortgage debt. The defendant Darling thereupon asked for an appeal, which was granted on condition that he file a bond for $300 to protect the plaintiff. This condition was not complied with, but an entry of the name of the case was made on our docket. The plaintiff met this attempted entry with a motion to dismiss.

This motion is granted. The proceedings were, all along, foreclosure proceedings. The question whether the two items above referred to should come in under the decree was only one affecting the amount due in equity under the mortgage, and did not change the character of the suit. *Ludlow Savings Bank & Trust Co.* v. *Knight,* 91 Vt. 172, 173, 99 Atl. 633. Therefore, the defendant was not entitled to an appeal except by leave of the chancellor. G. L. 1561. In the exercise of the discretion vested in him, the chancellor was authorized to impose reasonable conditions upon his allowance of the appeal—one of which could be the filing of a bond to protect the plaintiff. The condition here imposed is not shown to be unreasonable, and not having been complied with, the case is not in this Court. *Vermont People's Nat. Bank* v. *Robertson,* 102 Vt. 379, 380, 148 Atl. 408.

Moreover, the defendant's main point that the taxes were voluntarily paid and therefore not chargeable to the defendant under the mortgage is not well founded. All of our cases cited to that effect were decided prior to the enactment of G. L. 1551, by the terms of which this mortgagee was authorized to pay the taxes and add the amount to his mortgage debt. Nor was the fact that the insurance agent owed the defendant an amount in excess of the premium on the policy in question, a fact that the plaintiff was bound to take notice of or give attention to. We assume, no claim being made to the contrary, that the mortgage contained the usual condition regarding fire insurance and that the defendant had failed to comply with it. This assumption is warranted by the fact that the case stands on an appeal or attempted appeal, and that all intendments are in favor of the decree. In such circumstances, a mortgagee may pay for the insurance policy and add the

amount to his mortgage debt. *Leland* v. *Collver*, 34 Mich. 418; *Neale* v. *Albertson*, 39 N. J. Eq. 382.

*Attempted appeal dismissed.*