FACTORY POINT NATIONAL BANK ET AL. *v.* EQUINOX COMPANY ET AL.

February Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed April 6, 1939.

*Franklin P. Jones* for the defendant, the First National Bank of Bennington.

*Ernest W. Gibson, Jr.,* for the plaintiffs.

STURTEVANT, J. This petition for foreclosure resulted in a decree for the plaintiffs. The amount found to be due the plaintiffs was $391,927.71 as of Nov. 8, 1938, the date of the decree. The real estate involved is known as the Hotel Equinox property at Manchester, Vermont. Included in this real estate is a parcel of land claimed to be worth about $5,000 in which the First National Bank of Bennington, one of the defendants, claims an interest. Said First National Bank of Bennington asked for an appeal from the decree. Permission for such appeal was granted upon condition that said Bank should file on or

before a time specified a bond in the penal sum of $20,000 "* * * *" conditioned that said Bank [appellant] will indemnify and save harmless the said plaintiffs from all losses or damage which they, or either of them, may suffer by reason of said appeal." This condition was not complied with, but an entry of the name of the case was made on our docket. Plaintiffs have met this attempted entry with a motion to dismiss.

This being a foreclosure proceeding, appellant was not entitled to an appeal except by leave of the chancellor. P. L. 1321. In the exercise of the discretion vested in him, the chancellor was authorized to impose reasonable conditions upon his allowance of the appeal—one of which could be the filing of a bond to protect the plaintiffs. Appellant insists that since the amount of the bond required is $20,000 and the value of the property in which an interest is claimed is about $5,000, we should find that the bond required is unreasonable. This argument is not sound. In the case of *Barclay* v. *Drew et al.,* 105 Vt. 280, 166 Atl. 5, a case cited by appellant, the amount claimed by appellant to have been erroneously included in the decree was about $93 and the bond required as a condition of appeal was $300. Held that this Court could not find that the bond required was an unreasonable condition. Appellant cites *Omaha Hotel Co.* v. *Kountze,* 107 U. S. 378, 27 L. ed. 609, and *Dodge* v. *Knowles,* 114 U. S. 430, 29 L. ed. 296, in support of its contention. However, the laws considered in these cases and the circumstances are not like those before us and these cases are of little, if any, aid in dealing with the question presented here. In this case the condition imposed by the chancellor is not shown to be unreasonable, and not having been complied with, the case is not in this Court and plaintiffs' motion to dismiss is granted and the attempted appeal is dismissed. *Barclay* v. *Drew et al., supra; Vermont Peoples National Bank* v. *Robertson et al.,* 102 Vt. 379, 148 Atl. 408.

*Attempted appeal dismissed.*