### Vermont National Bank v. Michael J. Clark and Brenda D. Clark

[588 A.2d 621]

No. 90-235

Present: **Allen, C.J., Gibson, Dooley and Morse, JJ.**

Opinion Filed February 22, 1991

*Kristensen, Cummings, Murtha & Stewart, P.C.,* Brattleboro, for Plaintiff-Appellee.

*Jerome I. Meyers,* White River Junction, for Defendants-Appellants.

**Allen, C.J.** Defendants appeal from an order granting summary judgment to plaintiff bank in a foreclosure suit and denying defendants' motion for permission to appeal pursuant to 12 V.S.A. § 4601. We reverse and remand.

The essence of defendants' argument is that the bank wrongfully induced them to buy the business, failure of which triggered the foreclosure. Defendants had filed a tort claim of their own on these grounds prior to the foreclosure action and thereafter included the same grounds as affirmative defenses in their answer to the foreclosure complaint. Plaintiff moved for summary judgment, and the trial court granted the motion, rejecting these defenses as insufficient in a foreclosure suit and concluding that the only issues to be considered were "the validity of the mortgage, the amount of indebtedness due on the mortgage, and the right of the mortgagee to seek satisfaction of the indebtedness from the mortgaged property," citing *LaFarr v. Scribner,* 150 Vt. 159, 161, 549 A.2d 651, 653 (1988). The court said that defendants' claims had to be asserted in a separate action. As required by § 4601, and within the time prescribed by V.R.C.P. 80.1(m), defendants moved for permission to appeal. The motion was denied and defendants appeal on the ground that this denial was an abuse of discretion.

## I.

Plaintiff argues that this Court lacks jurisdiction to hear the

present appeal under § 4601, which states: "When a judgment is for the foreclosure of a mortgage, permission of the court shall be required for review." Plaintiff contends that absent express permission of the trial court, this Court does not have jurisdiction over the appeal, citing *Denlinger v. Mudgett*, 151 Vt. 208, 210–11, 559 A.2d 661, 663 (1989). *Denlinger* did not consider or decide the question of whether a trial court's denial of permission to appeal is reviewable in this Court. In that case defendants did not seek or obtain permission to appeal under § 4601, and that procedural failure was fatal to their right to appeal. We held the same in *Webster v. LaDuke*, 126 Vt. 27, 27, 220 A.2d 474, 474 (1966), and *Cattle Investors Management Corp. v. Poutre*, 148 Vt. 508, 509, 535 A.2d 787, 788 (1987).

 Our longstanding rule on discretionary rulings by the trial court is that they will not be disturbed unless an abuse of discretion is clearly shown. Abuse of discretion requires a showing that the trial court has withheld its discretion entirely or that it was exercised for clearly untenable reasons or to a clearly untenable extent. *Lent v. Huntoon*, 143 Vt. 539, 552, 470 A.2d 1162, 1171 (1983). Plaintiff does not suggest why these principles should not apply to a trial court's ruling under § 4601. This Court has previously done so. In *Factory Point National Bank v. Equinox Co.*, 110 Vt. 277, 279, 5 A.2d 462, 462 (1939), we reviewed an order granting an appeal but making it conditional upon a bond that the foreclosure defendants argued was unreasonably large. Defendants failed to meet the bond condition but nevertheless appealed. We concluded that the court had not abused its discretion in setting the amount of the bond and dismissed the appeal, as defendants had not complied with the terms of the court's permission to appeal. See also *Vermont-People's National Bank v. Robertson*, 102 Vt. 379, 380, 148 A. 408, 408 (1930) (per curiam) (appeal dismissed because bond condition imposed upon appeal was not complied with). But see *Ludlow Savings Bank & Trust Co. v. Knight*, 91 Vt. 172, 173, 99 A. 633, 633 (1917) (appeal dismissed where chancellor had denied motion to appeal but where defendant had not filed an answer or an affidavit of defense).

The important point for the present matter is that in *Factory Point National Bank* we reviewed the trial court's exercise of discretion in granting an appeal from the foreclosure decree, as

we may do in the present matter. Nothing in § 4601 suggests that we lack the power to review the trial court's order denying an appeal. Nor does our consideration of this denial render the operation of § 4601 meaningless. It is the grant of discretion to the court contained in § 4601 that enables the court to impose reasonable conditions upon its allowance of an appeal. *Factory Point National Bank*, 110 Vt. at 279, 5 A.2d at 462; *Vermont-People's National Bank*, 102 Vt. at 380, 148 A. at 408. Further, it is axiomatic that our review of a trial court's discretionary decisions is deferential. Together with V.R.C.P. 80.1(m), which requires a motion for permission to appeal to be filed within ten days of the date of entry of the foreclosure judgment, § 4601 may be said to promote finality of judgments of foreclosure. See Reporter's Notes, V.R.C.P. 80.1 (1985 amendment).

■ In sum, we hold that we may review the denial of a motion for permission to appeal under 12 V.S.A. § 4601 for an abuse of discretion in the issuance of that denial.

## II.

■ Undertaking this review, we conclude that the trial court misread *LaFarr* as precluding affirmative defenses to a foreclosure action based on a mortgagee's conduct prior to the creation of the mortgage. In *LaFarr* we distinguished the theory of a foreclosure action from that of a suit for a deficiency judgment. *LaFarr*, 150 Vt. at 160–61, 549 A.2d at 652–53. Our holding did not preclude affirmative defenses of the kind here at issue, which, if successfully asserted, would indeed go to "the right of the mortgagee to seek satisfaction of the indebtedness from the mortgaged property." *Id.* at 161, 549 A.2d at 653. The fact that defendants have filed an independent action based on the theories set forth in their affirmative defenses does not preclude use of those defenses in the subsequent foreclosure action. As the court said in *Joan Ryno, Inc. v. First National Bank of South Jersey*, 208 N.J. Super. 562, 570, 506 A.2d 762, 766 (1986):

> We think it clear that any conduct of a mortgagee known to the mortgagor prior to the institution of a foreclosure that could be the basis of an independent action for damages by reason of the mortgagee having brought the foreclosure could be raised as an equitable defense in the foreclosure.

See *Merchants Bank v. Lambert*, 151 Vt. 204, 206–07, 559 A.2d 665, 666–67 (1989) (allowing equitable defense of laches to be raised in mortgage foreclosure action); see also *Wittman v. Chrysler Corp.*, 199 Cal. App. 3d 586, 590–91, 245 Cal. Rptr. 20, 22 (1988) ("defense of fraud may be asserted in a judicial foreclosure proceeding and, if . . . successfully proved, provides a proper ground for the trial court to rescind the trust deed and refuse to apply it to a debt"); *Snyder v. Potter*, 134 A.D.2d 664, 665, 521 N.Y.S.2d 175, 176 (1987) ("Material misrepresentations by a seller as to the boundaries of a parcel of land or the quantity of property which are reasonably relied upon by the purchaser . . . may be asserted as a defense or counterclaim to an action to foreclose a purchase money mortgage.").

◼ We are not, of course, simply reviewing the merits of a grant of summary judgment. We are reviewing the trial court's denial of permission to appeal under an abuse of discretion standard. An abuse of discretion "will be found only when the trial court has entirely withheld its discretion or where the exercise of its discretion was for clearly untenable reasons or to an extent that is clearly untenable." *Lent*, 143 Vt. at 552, 470 A.2d at 1171. The trial court's ruling was based on the mistaken understanding of law outlined above, the effect of which was prejudicial to defendants. This prejudicial mistake left the ruling founded upon "clearly untenable reasons." See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2818, at 119 (1973) (abuse of discretion in trial court's denial of new trial motion may exist where error of law present). Accordingly, denial of permission to appeal from the ruling was an abuse of discretion.

The trial court's denial of defendants' motion for permission to appeal is vacated. In addition, the trial court's grant of plaintiff's motion for summary judgment is reversed, and the cause is remanded for reconsideration in light of the law announced in this opinion.

*Reversed and remanded.*