NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 9

No. 2017-092

| | |
|---|---|
| HSBC Bank USA N.A.<br>(Jeffrey C. Riley, Appellant) | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windham Unit,<br>Civil Division |
| | |
| Scott A. McAllister and Eddy Mulder | September Term, 2017 |

Michael R. Kainen, J.

Jeffrey J. Hardiman of Shechtman Halperin Savage, LLP, Pawtucket, Rhode Island, for
  Plaintiff-Appellee.

Alexander W. Shriver of Phillips, Dunn, Shriver & Carroll, PC, Brattleboro, for
  Intervenor-Appellant.


PRESENT: Reiber, C.J., Skoglund, Robinson and Eaton, JJ., and Dooley, J. (Ret.),
           Specially Assigned


¶ 1.    **SKOGLUND, J.**  Appellant Jeffrey C. Riley asks this Court to reverse the superior court's denial of his motion to confirm a foreclosure sale in his favor and its order for HSBC Bank USA (bank) to conduct a second foreclosure sale.  For the reasons below, we affirm.

¶ 2.    The relevant history is as follows.  The superior court entered a Judgment of Foreclosure and Sale in favor of bank on October 26, 2015, for the property at issue.  The foreclosure judgment provided the standard six-month redemption period under 12 V.S.A. § 4946(b), expiring on April 29, 2016.  Once the redemption period lapsed, bank organized a public auction of the property in accordance with the foreclosure judgment and 12 V.S.A. § 4952.  Bank

retained an auctioneer to conduct the auction. Before the auction, bank gave the auctioneer an electronic bid, which was to be entered at the auction. The auction was held on July 28, 2016. Only the auctioneer and appellant were physically present at the property during the auction— bank did not send a personal representative. Once the auctioneer opened the bidding, appellant entered a bid for $10,000. The auctioneer then entered bank's bid of $57,000. When appellant did not bid again, the auctioneer issued a report of sale for bank.

¶ 3. Bank moved to confirm the sale and waive the deficiency judgment[1] on August 29, 2016. Soon thereafter, appellant moved to intervene and confirm the sale of the property to himself. In his motion and during a hearing held on September 22, 2016, appellant argued that bank "violated the rule that the auctioneer in a judicial foreclosure sale must be independent, and therefore a mortgagee such as [bank] may not simultaneously hire the auctioneer in a judicial foreclosure and contract with [the] auctioneer to enter bids on its behalf." To support this argument, appellant cited a superior court opinion. Bank of N.Y. Mellon v. Campbell, Nos. 229-4-10 Wrcv, 78-2-12 Wrcv, 568-10-11 Wrcv, 319-5-12 Wrcv, 2013 WL 6631044 (Vt. Super. Ct. Dec. 2, 2013), https://www.vermontjudiciary.org/sites/default/files/documents/2013-12-5-7.pdf [https://perma.cc/575P-PHY8]. In Campbell, the court considered four judicial foreclosure cases in which the mortgagees hired auctioneers who simultaneously conducted the public auctions and entered bids on behalf of the mortgagees. Id. at *4. The Campbell court held that an auctioneer in a judicial foreclosure sale may not enter bids on behalf of any party that is not present at the auction. Id. at *12.

¶ 4. In this case, the superior court was convinced by Campbell's reasoning and adopted the holding. Thus, because the auctioneer had entered a bid on behalf of bank who was not present

---

[1] A deficiency judgment holds a mortgagor liable for the deficiency that results if the proceeds of a foreclosure sale are insufficient to meet the expenses incurred in making the sale and the amount due to the plaintiff. 12 V.S.A. § 4854(d).

at the auction, the superior court denied bank's motion for a confirmation order and waiver of deficiency. The superior court went on to deny appellant's motion for confirmation of the sale in his name, noting it did not "believe it would be equitable in this case to confirm a sale to [appellant], leaving the [mortgagor] with a more than $100,000 deficiency" and that it had concerns regarding the lack of an in-person bidding requirement in the foreclosure judgment. Therefore, the court ordered bank to give notice and conduct a new judicial foreclosure sale in accordance with the foreclosure judgment entered on October 26, 2015 and the newly adopted in-person bidding requirement. Bank did not appeal this order.

¶ 5. This appeal followed. Appellant first argues that this Court should review the appeal de novo because the superior court was faced with a pure question of law. Second, appellant argues that the superior court erred in giving bank a second chance to hold the auction because bank should have known that it needed to send a live representative to the auction based on several sources, including Vermont statutes, this Court's caselaw, applicable caselaw from other states, Vermont superior court caselaw, informal rules established through practice by the judge presiding in the superior court, and the actual judgment order and decree of foreclosure in this case. Third, appellant argues that the superior court's holding was based in unfounded concerns about the deficiency judgment. Fourth, appellant argues that the superior court erred in noting the lack of an explicit requirement of in-person bidding in its judgment and decree of foreclosure by judicial sale. Finally, appellant argues that public policy considerations favor not giving bank a second chance to hold the auction.

¶ 6. Regarding the standard of review, appellant asserts that the superior court faced a pure question of law at the hearing for the confirmation order—whether Vermont law requires in-person bidding at foreclosure auctions and if so, whether the only live bid made at an auction must be honored—and thus this Court must review the question de novo. See Cenlar FSB v. Malenfant, 2016 VT 93, ¶ 13, __ Vt. __, 151 A.3d 778. While the question of whether Vermont law requires

3

in-person bidding at foreclosure auctions is a legal question and thus requires de novo review, it is not the question presented in this appeal. As noted, bank did not appeal the superior court's refusal to confirm its bid, and thus the issue is not addressed in this decision. Two questions are directly presented in this appeal: (1) whether the superior court has the authority to, on equitable grounds, decline to confirm a bid, and (2) whether the superior court was within its discretion in exercising that authority in this present case.

¶ 7. The first question—whether the superior court had the authority to decline to confirm the sale—is a legal one to be reviewed de novo that can be answered by looking at the statute. Confirmation of a foreclosure sale is a discretionary judicial action, the purpose of which is to ensure fairness in the foreclosure process. See 12 V.S.A. § 4954(a) ("The court may issue an order of confirmation of the sale without hearing, unless the court in its discretion determines that a hearing is necessary. The order of the court confirming the sale shall be conclusive evidence . . . that the foreclosure and sale were conducted in accordance with this section." (emphasis added)). Regardless of whether the superior court holds a hearing, if it finds that the sale was not conducted according to statutory requirements or the foreclosure judgment's requirements—or if it finds that there is another reason to be concerned with the integrity of the sale—it has the authority, in its discretion, refuse to confirm the sale and order another one. Id.

¶ 8. The second question—whether the superior court acted within its discretion—is reviewed for abuse of discretion. "A trial court's discretionary rulings are examined under an abuse of discretion standard of review, which 'requires a showing that the trial court has withheld its discretion entirely or that it was exercised for clearly untenable reasons or to a clearly untenable extent.' " Quenneville v. Buttolph, 2003 VT 82, ¶ 11, 175 Vt. 444, 833 A.2d 1263 (quoting Vt. Nat'l Bank v. Clark, 156 Vt. 143, 145, 588 A.2d 621, 622 (1991)). The statute governing confirmation orders does not set forth specific criteria for setting aside a judicially ordered public

4

sale. See 12 V.S.A. § 4954. Therefore, we consider the entirety of the reasoning behind the superior court's decision to determine if it abused its discretion.

¶ 9. In deciding whether to confirm the sale in appellant's favor, the superior court looked to other courts' consideration of the issue,[2] and its own concerns over the integrity of the sale at issue. The superior court noted that appellant's bid was relatively low and that the foreclosure judgment lacked an explicit in-person bidding requirement. Further, there was significant uncertainty as to the status of bank's competing virtual bid. Based on these concerns, the court refused to confirm the sale and ordered bank give notice and conduct a new judicial foreclosure sale.

¶ 10. While appellant argues that these concerns were misplaced and thus the superior court should not have considered them when deciding whether to issue the confirmation of sale order, the statute does not list specific criteria to be considered for a confirmation order. It is within the superior court's discretion to consider all factors that it finds relevant and necessary to fulfill the purpose of confirmation orders—ensuring a court reviews the sale and finds it was conducted with fairness and in accordance with the legal requirements. See 12 V.S.A. § 4954(a). Thus, we hold that the superior court was presented with sufficient evidence to create reasonable apprehension and concern surrounding the integrity of the first sale and thus the decision to order a second sale with the in-person bidding requirement explicitly stated was not an abuse of the superior court's discretion.

¶ 11. Lastly, appellant argues that public policy considerations favor not giving bank a second chance to hold the auction. However, this argument hinges on appellant's argument that bank was not entitled to confirmation of its virtual bid—a question we do not reach here. While

---

[2] As mentioned above, the superior court adopted Campbell. This issue is not before us today, we need not determine if this Court would do the same and adopt the rules laid out in Campbell.

public policy can be one factor this Court considers when determining questions of law and may have been one factor the superior court considered when denying confirmation for both parties, it is not something this Court will consider when reviewing discretionary matters such as confirmation orders.

       Affirmed.

                           FOR THE COURT:

                           _____

                           Associate Justice