*Wilmington Trust Nat'l Assoc. v. Foster*, 113-5-16 Bncv (Barra, J., Sept. 26, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT
Bennington Unit

CIVIL DIVISION
Docket No. 113-5-16 Bncv

Wilmington Trust National Assoc v. Foster, Chandle

## ENTRY REGARDING MOTION

Count 1, Foreclosure (113-5-16 Bncv)
Count 2, Foreclosure (113-5-16 Bncv)
Count 3, Foreclosure (113-5-16 Bncv)
Count 4, Foreclosure (113-5-16 Bncv)

Title:          Motion For Permission to Appeal (Motion 13)
Filer:          Chandler Foster
Attorney:    Pro Se
Filed Date:  August 14, 2018

Response filed on 08/23/2018 by Attorney Jeffrey J. Hardiman for Plaintiff Wilmington Trust National Assoc Oppo.

The matter comes before the Court to consider defendants' request for permission to appeal the Judgment and Decree of Foreclosure by Judicial Sale entered on July 31, 2018. After review of these proceedings and for the reasons that follow, Defendants' Request for Permission to Appeal the Court's Judgment and Decree of Sale is hereby DENIED.

I:  Statement of Facts

On May 17, 2016, Bank of America filed a Complaint against Chandler and M. Patricia Foster for defaulting on the mortgage of their property located at 14 Old Ridge Road, in the town of Winhall, Bennington County. Defendants, acting *pro se*, thereafter requested to proceed through mediation, a request denied because the property was not their primary residence.

The parties then engaged in discussions in hopes of reaching a deal—an ultimately unsuccessful endeavor. Bank of America subsequently assigned the mortgage to Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2; filed to substitute Wilmington Trust as the Plaintiff; and submitted documentation evincing the assignment. A notary public of the state of Minnesota witnessed the assignment, which was recorded in the Winhall town clerk's office on book 209, page 537 on February 16, 2017.

On August 18, 2017, Plaintiff moved for default judgment under V.R.C.P. 55. The motion was supported by affidavit and documentation of the defendant's non-enlistment in the military, as required by V.R.C.P. 55(5). Plaintiff also filed an affidavit of attorney's fees and an affidavit by Duane Thomas—a foreclosure specialist of Fay Servicing, LLC, the loan's servicer—enumerating, *inter alia*, the loan payment history, total escrow, and the sums of money due Plaintiff. Plaintiff then filed a motion to shorten the redemption period to not more than 30 days pursuant to 12 V.S.A. § 4946(c), as well as the certification of counsel required by V.R.C.P. 80.1(g). On September 12, 2017, the Court granted Plaintiff's Motion for Default Judgment and Motion to Shorten the Redemption Period.

By letter to the Court dated September 21, 2017, Defendants described their ongoing "loan workout program" with Fay Servicing and disagreed with Plaintiff's characterization of the property as vacant, as far as discernible, in the Plaintiff's Motion for a Shortened Redemption Period. Defendants also described an incident in which, allegedly, agents of the servicer destroyed a lock box affixed to the property, entered the house, and changed the locks on the front door. In view of the preceding, Defendants sought a stay of the proceedings to continue working on a deal with Fay Servicing. Plaintiff subsequently filed its opposition to the Defendants' attempts to stay the proceedings, *inter alia*, denying that the parties were then involved in any workout process and describing Defendants' apparent reluctance to communicate with Fay Servicing. The Court thereafter scheduled a motion hearing on May 5, 2018 to address the stay and determine any outstanding issues.

On May 3, 2018—nearly two years after filing and service of the Complaint, and without the Court's leave under V.R.C.P. 6(b)—Defendants submitted an Answer and a Motion to Vacate the Order Granting Default Judgment. Ostensibly acting under V.R.C.P. 12(f), Defendants made two contentions in opposing the grant of default judgment. First, they questioned the status of Plaintiff's counsel, Rachel Jones, as an attorney licensed to practice in Vermont. Second, they took issue with Ms. Jones' signature on the affidavit of attorney's fees when the listed affiant was Katherine Donovan, Plaintiff's prior counsel.

The Court considered Defendants' contentions and Plaintiff's answers thereto, and by order entered May 31, 2018 denied Defendants' motion. The Court noted that Defendants' motion provided no support for their contention that Rule 12(f) had any application to support their argument. The Court found no such application, held the motion untimely under V.R.C.P. 59, and found no basis for vacating the Default Judgment under V.R.C.P. 60.

On July 31, 2018, the Court entered a final Judgment and Decree of Foreclosure by Judicial Sale and informed Defendants of their right and obligation, under V.R.C.P. 80.1 and the mirroring provisions of 12 V.S.A. §§ 4601 and 4939, to seek permission to appeal by filing a motion to that effect within ten days of the judgment's issuance. On August 14, 2018, Defendants timely filed a Request for Permission to Appeal the Court's Judgment and Decree of Foreclosure by Judicial Sale, which Plaintiff timely opposed. The Court now considers these submissions.

## II: Conclusions of Law

12 V.S.A. §§ 4601 and 4939 both provide: "When a judgment is for the foreclosure of a mortgage, permission of the court shall be required for review." Whether to grant or deny permission to appeal is within the discretionary powers of the trial court. *Nationwide Mutual Fire Ins. Co. v. Gamelin*, 173 Vt. 45, 48–49 (2001); see also *Factory Point Nat. Bank v. Equinox Co.*, 110 Vt. 277 (1939) (a degree of discretion vested in the then Chancellors in deciding whether and under what conditions to grant permission to appeal a foreclosure judgment). The Court is to exercise a screening function under these rules, which are aimed at promoting the finality of foreclosure judgments. See *Gamelin*, 173 Vt. 45, at 49; *Vermont Nat. Bank v. Clark*, 156 Vt. 143, 146 (1991). The Court is mindful of its obligation to avoid an abuse of discretion by withholding its discretion entirely or exercising it for clearly untenable reasons or to a clearly untenable extent. *Clark*, 156 Vt. 143, at 145.

Defendants advance six contentions for their position that an appeal is warranted. None, however, is availing. First, they hold that our courts greatly disfavor default judgments, seeking instead to resolve disputes on the merits. See, e.g., *Hermitage Inn Real Estate Holding Co., LLC v. Extreme Contracting, LLC*, 2017 VT 44, ¶ 34. Though this general proposition is beyond reproach, it cannot on its own displace V.R.C.P. 55(a), which clearly provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

Here, Plaintiff filed the Complaint on May 17, 2016 and service of process was effected on May 30, 2016. Under V.R.C.P. 80.1(c) and 12(a)(1)(A), Defendants had 21 days from the date of service to submit an answer. No such answer was submitted within this period. On August 18, 2017, Plaintiff filed and served a Motion for Default Judgment supported by affidavit. The Court, faced only with silence from Defendants, entered Default Judgment on September 12, 2017.

On October 2, 2017, Defendants filed a letter with the Court seeking a stay to work on a deal with Fay Servicing. Defendants then submitted an Answer on May 3, 2018, nearly two years after being served with the Summons and Complaint. They also filed a Motion to Vacate the Order Granting Default Judgment under Rule 12(f). In the motion, they questioned the status of Plaintiff's counsel, Rachel Jones, as an attorney licensed to practice in Vermont. They also objected to Ms. Jones' signature on the affidavit of attorney's fees when the listed affiant was Katherine Donovan, Plaintiff's prior counsel.

On May 31, 2018 the Court denied Defendants' motion. The Court found that the motion provided no basis for their contention that Rule 12(f) had any application to support their argument. The Court found no such application and held the motion untimely under V.R.C.P. 59. The Court also found that Defendants did not provide reasons for a finding of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other grounds for relief from judgment under V.R.C.P. 60.

The Court is sensitive to the circumstances of *pro se* litigants; courts should not "permit unfair imposition or unconscionable advantage to be taken of one who acts as his own attorney." *Vahlteich v. Knott*, 139 Vt. 588, 590 (1981) (quoting *State Highway Board v. Sharrow*, 125 Vt. 163, 164 (1965). However, "[t]his does not mean that *pro se* litigants are not bound by the ordinary rules of civil procedure." *Knott*, 139 Vt. 588 at 590–91.

If, after being served with Plaintiff's Motion for Default Judgment, Defendants had filed an answer along with a motion to reconsider or for relief from judgment, or sought an extension of time under V.R.C.P. 6(b) to do the same, the result might have been different. See, e.g., *Reuther v. Gang*, 146 Vt. 540, 542 (1986) (holding default judgment improper where Defendant had answered, filed a counterclaim, and her requests for a continuance "evidenced her intent to continue to defend the action."). Here, however, Defendants had submitted no answer or sought a continuance before entry of Default Judgment. Additionally, their Motion to Vacate the Order Granting Default Judgment provided no basis for relief under V.R.C.P. 60. Accordingly, default judgment was thoroughly appropriate, and Defendants are not entitled to an appeal on this ground.

Defendants' second argument for permission to appeal is that the Motion for Default Judgment was filed by Rachel Jones, who, they claim, was not an attorney licensed to practice in Vermont at the time of filing. The Court already addressed this issue. At the time she signed papers in this matter, Ms. Jones (now Ljunggren) was then an attorney duly-licensed to practice law in Vermont. Defendants also claim that if the Motion for Default Judgment was defective on this ground, then the Defendant's Answer was properly filed in the sequence of pleadings. For the reasons explained in depth above, this is not so, as the Answer was exceptionally untimely.

Defendants next argue that the current Plaintiff "has not demonstrated and cannot demonstrate, any true aggrievement." They claim that it is unexplained and implausible that a trust would buy defaulted financial assets and that there is no evidence that Wilmington Trust paid any money to Bank of America for the defaulted loan. This claim too fails.

On June 19, 2017, Bank of America, the original Plaintiff in this action, pursuant to V.R.C.P. 25(c) and 80.1(b), filed a Motion to Substitute Party Plaintiff, requesting that the Court substitute Wilmington Trust as the new Plaintiff. Bank of America attached an assignment of the mortgage to Wilmington Trust dated February 1, 2017. The assignment indicates the assignor, the assignee, the property address, and that it was executed for valuable consideration; it was witnessed by a notary public of the state of Minnesota and recorded in the Winhall town clerk's office. At the time of the motion, the Court inspected the assignment and was satisfied of its legitimacy. The Court has no reason to believe that this assignment was somehow unlawful; nor do Defendants point to anything specific to the contrary. Plaintiff, Wilmington Trust, thus is aggrieved by their possession of a defaulted loan. Accordingly, Defendants' third argument in favor of permission to appeal is unsuccessful.

Defendants next make a blanket reference to the Mortgage Servicing Rules under the federal Real Estate Settlement Procedures Act and the Truth in Lending Act to question the role of Fay Servicing, LLC in these proceedings. Without citing any specific violation of federal law, Defendants allege that the Court has accepted uncritically the "bland assertions" of Duane Thomas, a foreclosure specialist of Fay Servicing. Fay Servicing is merely the servicer of the

loan at issue.  At the direction of Plaintiff, Mr. Thomas submitted an affidavit in support of Plaintiff's Motion for Default Judgment in which he outlined, *inter alia*, the loan payment history, total escrow, and the sums of money due Plaintiff.  Defendants do not question these sums or point to any definite act or procedure contrary to law.  Moreover, Defendants, in their various submissions to the Court, repeatedly reference their attempts to negotiate a deal with Fay Servicing, rendering improbable their ignorance of its role in these proceedings.  Consequently, Defendants' assertions on this issue do not counsel for appeal.

Defendants next argue that they relied to their detriment on Fay Servicing's representations that Plaintiff was not proceeding with litigation as settlement discussions were ongoing.  Defendants provide no support for these representations; nor do they account for their number, the dates on, locations in, and frequency with which such representations were made, or any specific language used in their making.  Defendants were served all of Plaintiff's submissions to this Court.  They were thus apprised of Plaintiff's actions in this litigation every step of the way.  They had every opportunity to answer timely, move for extensions of time, and obtain advice of counsel, should they have chosen to pursue it.

Additionally, between the filing of the Complaint and Plaintiff's Motion for Default Judgment, Plaintiff submitted two motions inconsistent with Defendants' allegations that plaintiff was not actively pursuing resolution of this matter.  On October 21, 2016, Plaintiff moved to stay the proceedings until February 15, 2017 to review a loss mitigation package.  Then, on April 13, 2017, Plaintiffs filed a Motion for Enlargement of Time and asked the Court for an additional 60 days to file the Motion for Default Judgment.  These actions do not support a reasonable belief that proceedings would be stayed indefinitely, particularly where negotiations proved unproductive.  Once again, therefore, this argument fails to convince the Court that an appeal is warranted.

Finally, Defendants argue that leave to appeal should be granted because Plaintiff engaged in an unauthorized break-in of the property.  Plaintiff, in its Objection to Defendant's Request to Appeal, claims ignorance of the incident and points out that these allegations were not raised before judgment was entered so there is nothing to appeal.  Defendants have failed to provide documentation of the occurrence or Plaintiff's involvement therein—a police report, perhaps, or the findings of an investigation.  In the face of such paucity of information, the Court cannot address the matter.  Moreover, given that Defendants never properly filed for resolution of these allegations in these proceedings, they cannot form the basis of an appeal.

### III:  ORDER

After thoroughly reviewing these proceedings, considering the foregoing arguments individually and in the aggregate, exercising the screening function discussed in *Nationwide Mut. Fire Ins. Co. v. Gamelin*, 173 Vt. 45, 49 (2001), and acting under its discretion with a view to fairness and the dictates of equity, the Court hereby DENIES Defendants' Request for Permission to Appeal the Court's Judgment and Decree of Foreclosure by Judicial Sale.

**The motion is DENIED.**

Notifications:

Jeffrey J. Hardiman (ERN 4055), Attorney for Plaintiff Wilmington Trust National Assoc
Defendant Chandler Foster
Defendant M. Patricia Foster