VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     22-AP-088

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2022

Simeon Bruner\* v. Bradford Gee\*\* &
Town of Chittenden

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Rutland Unit,
Civil Division
CASE NO. 435-8-16 Rdcv
Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff and defendant both appeal the civil division's final order in this statutory partition action.  We reverse and remand for the court to make additional findings and to impose a remedy consistent with this opinion.

The civil division made the following findings in its order.  Plaintiff and defendant own property in Chittenden, Vermont as tenants in common.  The property consists of approximately 100 acres.  The property has been in defendant's family for over 100 years and has been used mostly for recreation.  Defendant's father and grandfather built a log cabin on the property, where defendant lived with his parents when he was a child.  Over the years, defendant and his family built or placed numerous structures on the land including a mobile home and two other houses.  They drilled wells, built a windmill, installed solar panels and a pond, and improved the driveway.  Defendant currently lives in one of the dwellings on the property.  Defendant is passionate about the land, the wildlife, and the woods.  He has been using a forestry management plan and cuts wood on the property to heat his home and pay property taxes.

Plaintiff owns approximately 500 acres that adjoin the subject property.  In 1970, plaintiff purchased a half-interest in the property from defendant's uncle for $5000.  Plaintiff did not object when defendant and his family added the various structures over the years, nor did they consult plaintiff when they did so.  Plaintiff has visited the property approximately five to ten times a year since he purchased it.  His interest in the land is to extend the undeveloped area around his adjoining lands.

The town taxes the structures separately from the land.  Defendant or his family have paid all taxes on the structures, which are currently assessed at $129,600.  The land is assessed at $116,300.  Plaintiff and defendant have each paid half the taxes on the land.  Plaintiff has not contributed any funds toward maintenance of the property or improvement of the driveway.

In 2016, plaintiff filed a complaint against defendant and others, alleging that defendant had placed obstacles on a right-of-way crossing plaintiff's land and had assigned the right to use the right-of-way to third parties. Defendant filed a counterclaim seeking partition of the parties' property. Plaintiff's claims were eventually resolved or dismissed, leaving only defendant's partition claim to be decided. The parties waived appointment of commissioners. See 12 V.S.A. § 5169(b).

Plaintiff proposed a division that would give him sixty-eight acres and defendant thirty-six acres. Defendant would retain all but one of the structures, and each lot would have a pond. The court rejected plaintiff's proposal because it would give the parties unequal shares of the land, cut off defendant's access to a family gravesite on an adjoining property to the west, and prevent defendant from accessing areas that he logs for fuel for heat and to support himself. The court noted that the proposed division was created by plaintiff's wife, not by a surveyor or other professional. Although plaintiff argued that the smaller acreage was more useful because it was flatter, the court found that it had no way to assess that claim because no appraisal of the land was offered. The court also found that the proposal did not account for defendant's family's history of ownership and residence on the land.

The court concluded that the most equitable result was to assign the land to defendant with payment to plaintiff of his half-share, which it calculated to be $63,839. It ordered defendant to pay plaintiff that amount within ninety days. If defendant did not do so, the property would be divided into two lots as proposed by plaintiff, unless the parties agreed to a different division. Both parties appealed.

On appeal, plaintiff argues that the court's order makes clear that partition by division was neither impossible nor inequitable, and therefore division was the only permissible remedy. "We review the trial court's assessment of equitable remedies, like partition, for abuse of discretion, and will uphold the trial court's judgment unless the trial court has withheld its discretion entirely or exercised it for clearly untenable reasons or to a clearly untenable extent." Currie v. Jane, 2014 VT 106, ¶ 25, 197 Vt. 599 (quotation omitted). The partition statute allows for three possible remedies: "(1) physical division of the land—i.e., partition in-kind; (2) the assignment of the interest of one cotenant to the other for a predetermined pay-off; or (3) partition by sale, with the cotenants sharing the proceeds according to a predetermined formula." Wynkoop v. Stratthaus, 2016 VT 5, ¶ 42, 201 Vt. 158 (citing 12 V.S.A. §§ 5174-5175). Partition in-kind is presumed to be the appropriate remedy, and "[o]nly if the property cannot be physically divided conveniently may the court then consider the option of assigning the property to one of the parties in exchange for an equitable sum." Wilk v. Wilk, 173 Vt. 343, 346 (2002) (citing 12 V.S.A. § 5174). "Partition by sale generally is available only where the first two methods are impractical." Wynkoop, 2016 VT 5, ¶ 42.

Plaintiff argues that the trial court's imposition of partition in-kind as a "backup" remedy proves that the property can be divided without great inconvenience to the parties, and therefore the court was prohibited as a matter of law from ordering partition by assignment in this statutory partition action. We have explained that the partition statute "should be interpreted to give the trial court as many options as possible to achieve equity between the parties, including an expansive power to assign property to one of the co-tenants." Wilk, 173 Vt. at 346; see Begin v. Benoit, 2006 VT 130, ¶ 6, 181 Vt. 553 (mem.) (explaining that "partition actions are equitable in nature and that in such actions, courts should consider all relevant circumstances to ensure that complete justice is done" (quotation omitted)). However, this does not mean that the court can simply disregard the priorities set by the statute. See Wynkoop, 2016 VT 5, ¶ 17 n.8

(distinguishing between action of partition at law, which is governed by statute, from equitable action of partition, in which remedies are more flexible). Our case law and the plain language of § 5174 make clear that the court was required to determine whether the property could be divided without great inconvenience before it considered partition by assignment. See Wilk, 173 Vt. at 346-47.

Here, the court failed to make an express finding that the property could not be divided without great inconvenience, and its order therefore cannot stand. See Vt. Nat. Bank v. Clark, 156 Vt. 143, 147 (1991) (reversing and remanding discretionary decision that was based on mistaken understanding of law). Although the court rejected plaintiff's proposed division of the property, it did not find that another division was impossible or impractical. To the contrary, its provision for physical division as a backup option if defendant failed to pay plaintiff suggests that such a division was possible without great inconvenience.[*] If so, the statute required the trial court to impose partition in-kind as a remedy. See 12 V.S.A. §§ 5169-5173 (providing that when cotenant seeks partition, property should be divided among cotenants by judgment of trial court); Wilk, 173 Vt. at 346. On the other hand, the court found that dividing the property would have significant negative consequences for defendant and that partition by assignment was the most equitable remedy, which could suggest that it believed physical division was not possible without great inconvenience to one of the parties. Because it is the trial court's role to assess the evidence and make that determination in the first instance, we conclude that the matter must be remanded for the court to consider whether § 5174 is satisfied and to fashion a new remedy that complies with the priorities set forth in statute. We therefore do not address defendant's arguments concerning the buyout amount set by the court.

Reversed and remanded for the civil division to make additional findings and impose an appropriate remedy consistent with this opinion.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice

---

[*] The remedy imposed by the trial court is also problematic because it imposed plaintiff's proposed division as a backup remedy despite finding that the proposed division was not equitable. The court did not explain why the proposed physical division would become equitable if defendant failed to pay the amount required to complete assignment. See Wilk, 173 Vt. at 346 (explaining role of court in partition action is to achieve equity between parties).

3