Filed 11/21/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01714

---

CWS Investments, Inc. v. William Dydo, Jr.

---

## RULING ON DEFENDANT'S OBJECTION TO
## PLAINTIFF'S MOTION FOR CONFIRMATION OF FORECLOSURE SALE

Defendant William Dydo, Jr., objects to a motion filed on July 16, 2025, by Plaintiff CWS Investments, Inc. seeking an order confirming a foreclosure sale of Defendant's real property located on Grove Street in Rutland. Defendant objects on two grounds: (1) the applicable statute, 12 V.S.A. § 4952, requires that a notice of foreclosure sale accurately state the amount to be paid by the purchaser to the auctioneer at the time of the scheduled sale, and Plaintiff's notice breached that requirement by stating that only $5,000 was due, rather than $10,000, as expressly ordered in the Court's Judgment and Decree of Foreclosure; and (2) the report of foreclosure sale was legally deficient since although it indicated the amount for which the subject property sold, it did not by way of an accounting indicate whether the sale proceeds were then distributed in accordance with the law and the court's Decree.

Plaintiff responds to the objections by arguing, first, that while the notice of sale incorrectly indicated a lesser amount of cash due from buyer at time of sale ($5,000, rather than $10,000), the statute does not require *any* notice of the terms of sale (including the deposit amount due at time of sale). Moreover, Plaintiff asserts that the erroneous amount, being too low in this instance, would only tend to entice more potential buyers or bids, and thus is no grounds for refusal to confirm the sale. Second, regarding the report of sale, the Plaintiff argues that the statute requires no more than what was given here by the auctioneer who conducted the sale—that is, a sworn statement of what happened at the sale (including the sale price). Further, an accounting of the sale proceeds is due from the Plaintiff when it files its motion for confirmation, and Plaintiff maintains that it duly provided such to the Court. For reasons that follow, the Court overrules and denies Defendant's objections.

"Confirmation of a foreclosure sale is a discretionary judicial action, the purpose of which is to ensure fairness in the judicial process." *HSBC Bank USA N.A. v. McAllister*, 2018 VT 9, ¶ 7, 206 Vt. 445 (citing 12 V.S.A. § 4954(a)); *see also* Reporter's Notes—1982 Amendment, V.R.C.P. 80.1 ("A foreclosure action, even when by sale, remains an equity action, and the court has the power to refuse to confirm a sale where the result would be inequitable."). Since the governing statute "does not list specific criteria to be considered for a confirmation order . . . . [i]t is within the superior court's discretion to consider all factors that it finds relevant and necessary to fulfill the purpose of confirmation orders—ensuring a court reviews the sale and finds it was conducted with fairness and in accordance with legal requirements." *HSBC Bank*, 2018 VT 9, ¶ 10. If the court "finds that the

sale was not conducted according to statutory requirements or the foreclosure judgment's requirements—or if it finds that there is another reason to be concerned about the integrity of the sale—it has the authority, in its discretion, to refuse to confirm the sale and order another one." *Id.* ¶ 7.

Here, the Plaintiff's mistake in the notice of sale—indicating that the deposit due at time of a sale was $5,000, rather than $10,000—is an insufficient ground for refusing to grant an order of confirmation of sale.

To be sure, a notice of foreclosure sale is defective if it entirely fails to identify the terms of the sale, such as the amount due at the time of sale and the schedule for payment of the balance of the purchase price. Contrary to Plaintiff's reading of the statute, a notice of sale is not adequate if it merely lists the date, time, and location of the sale, and leaves out a description of the property at issue and the terms of sale. Otherwise, the notice would merely say something to the effect of "there will be a sale of some real estate, held on at 9:00 a.m., on November 21, 2025, at 1234 Main Street in Rutland." Such a notice would skip the "what" (*i.e.*, a description of the property to be up for sale) and the "how" (*i.e.*, by what terms or conditions must the successful bidder carry out its payment obligations). Without that information, a prospective purchaser will be unable to reasonably determine whether to pursue placing a bid, or not. The terms of sale may greatly impact buyers' motivations and interest in buying; thus, the omission of the terms of sale from a notice of sale is material. As explained in a major legal encyclopedia:

> The object of a notice of sale is to inform the public of the nature and condition of
> the property to be sold, and of the time, place, and *terms* of the sale. Notices are
> given for the purpose of securing bidders, and to prevent a sacrifice of the property.

55 *Am. Jur. 2d Mortgages* § 611 (Nov. 2025 update) (emphasis added).

Further, if the terms of sale were purely optional and entirely within the foreclosing party's discretion, then the phrase in 12 V.S.A. § 4952(e), stating that "[t]he following form of notice of sale may be used and may be altered *as circumstances require*" (emphasis added), would have no meaning or effect. If the foreclosing party has no obligation whatsoever to include any terms of sale in any notice of sale, then why would the statute give the foreclosing party discretion to use and alter the form only "as circumstances require"? The Court therefore concludes that the statutory form language is not purely optional or entirely suggestive. This conclusion is reinforced by 12 V.S.A. § 4953(a), which provides that "[a]t the sale, the mortgaged property shall be sold to the highest bidder in conformance with the terms of sale set forth in the notice of sale." That provision clearly implies that a notice of sale that does not contain the terms of sale would lack sufficient guidance for the bidders, if not the auctioneer as well, as to how the sale is to transpire. In short, the terms of sale are fundamental to a notice of sale.

Additionally, the statute, at 12 V.S.A. § 4952(e), provides that the form language set forth in 12 V.S.A. § 4952(e) "shall not be construed to prevent the use of other forms." The Court construes that provision as merely permitting alterations of the statutory form language, so that the notice of sale can include alternate or "other" language, to fit the applicable circumstances. This provision does not permit a notice of sale that would, for example, entirely omit the terms of sale, as well as any description of the property that is up for sale. At least not unless "circumstances require" such omissions.

Here, the circumstances do not require the omission of the terms of sale from the notice of sale. To the contrary, and as Plaintiff concedes, the Court's Decree indicated that the cash due at time of sale was $10,000. Therefore, Plaintiff was obligated to include, in the notice of sale, an indication that the successful bidder would be required to pay $10,000 in cash at the time of sale. Plaintiff failed to do so accurately.

However, as noted above, whether to order confirmation of a foreclosure sale is a discretionary act, a determination based on equity and fairness. Thus, a foreclosure sale "may be set aside for material errors in the exercise of the power, or for fraud, unfairness, misconduct, or the like; but mere irregularities not affecting substantial rights of the parties will not suffice." 59A *C.J.S. Mortgages* § 861 (May 2025 update); *see also New Penn Fin. LLC v. Burke*, No. 21-AP-252, 2022 WL 2763112, at *2 (Vt. Jul. 14, 2022) (unpub. mem.) (assuming foreclosure plaintiff failed to serve notice of sale in conformance with V.R.C.P. 5, trial court's order confirming foreclosure sale is affirmed since "defendant failed to demonstrate that he was prejudiced by the alleged violation"); 55 *Am. Jur. 2d Mortgages* § 611 ("immaterial errors and mistakes will not affect the sufficiency of the notice").

Here, Defendant has not even argued, much less suggested, that his interests have been harmed or prejudiced as a result of the defect in the notice of sale. Nor has Defendant suggested that Plaintiff benefitted in some way from the defect. There is also no allegation here that the error in the notice of sale was willful or deliberate, or in bad faith or the like. Defendant has also not alleged how the defect adversely impacted the bidding process, or that it likely chilled interest within the buying public with regard to the subject property.[1] Defendant does not suggest that he or the public were materially misled by the mistake in the notice. Defendant has not shown that the sale price obtained ($100,000) was not commercially reasonable, *cf. Bank of Am., N.A. v. O'Kelly*, 2018 VT 71, ¶¶ 14-15, 208 Vt. 20, or that it was significantly out of step with reasonable appraisals or assessments of the property's fair market value. Finally, a refusal to confirm the sale for an immaterial defect in the notice of sale would likely harm the Plaintiff, as its expenses and time spent toward the foreclosure sale would be wasted, and would cause further delay, costing more money.

Accordingly, the Court does not find that the error in the Plaintiff's notice of sale a sufficient reason or ground to refuse to confirm the foreclosure sale.

Turning to the issue of the report of sale, Plaintiff is correct that the auctioneer or other person in charge of conducting the sale does not owe the court an accounting of the sale proceeds. Rather, the auctioneer must furnish a sworn report of sale, *see* 12 V.S.A. § 4954(a). which he did in this instance, *see* Report of Sale (filed Jul. 7, 2025). The report was satisfactory. Separately, the Plaintiff, when filing its motion for confirmation, must include "an accounting of the sale proceeds." Plaintiff did so here. Plaintiff's motion indicated that: the property was sold to CWS Investments, Inc. for $100,000; the Defendant's indebtedness, owed to Plaintiff, including all costs incurred in conducting the sale is $431,333.28; the total indebtedness was comprised of the judgment amount

---

[1] Plaintiff suggests that the erroneously low statement of the amount of cash due at time of sale could only have enticed more interest in the sale. That seems a reasonable conclusion, but the burden here is on the objecting party to make the case that the sale lacked integrity and/or was inequitable. Thus, the Court need not and will not make any findings or conclusions as to the "favorable" impact of the error in the notice. It is enough that Defendant has not even alleged or reasonably explained how this error adversely impacted the bidding process or sale, or how his interests were affected.

($406,228.51), interest accrued through sale date ($22,860.45); auctioneer's fees ($750.00); Plaintiff's agent fees, to personally attend the sale on Plaintiff's behalf ($350.00); and publication costs ($1,144.32). That information satisfied Plaintiff's burden under 12 V.S.A. § 4954(a).[2]

Lastly, although the Court does not construe Defendant's Objection to include a clear and cogent argument that he lacked proper notice of any pleadings or process in this case or the underlying case—No. 23-CV-00046, through which Plaintiff obtained its judgment on the property—the Court has reviewed the statements and supporting exhibits filed by Plaintiff in its Response to Defendant's Objection, and is satisfied that Defendant obtained sufficient notice in all events.

Conclusion

Wherefore, Defendant's Objections to the Plaintiff's Motion for Confirmation of Sale are *overruled* and *denied*. Plaintiff's Motion for Confirmation, filed July 16, 2025, is GRANTED. An order of confirmation will issue separately.

Electronically Signed on: Friday, November 21, 2025 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge

---

[2] The Court also infers, as expressly stated in the Proposed Confirmation Order filed by Plaintiff pursuant to 12 V.S.A. § 4954(a), that the sale proceeds will be paid to Plaintiff, since it is due such sale proceeds under the Court's Decree. Further, from those proceeds, Plaintiff will pay the auctioneer his fee of $750.00.