### 2005 VT 73

### Jay K. HICKORY and Mona B. Hickory v. Merton MORLANG and Eleanor Morlang, Intervenor

[878 A.2d 318]

No. 04-212

¶ 1. July 6, 2005. Eleanor Morlang appeals two superior court orders: the first denying her motion to amend her intervenor complaint to allege negligence on the part of Merton Morlang; and the second denying her motion to preclude the dismissal of Merton Morlang as a party following the entry of a settlement agreement. We affirm.

¶ 2. This case arises out of an automobile accident that occurred on December 11, 1999 in Bridgewater, Vermont between vehicles operated by Jay Hickory and Merton Morlang. Merton Morlang and his wife, the appellant, are New York residents who were traveling through Vermont when the accident occurred. The occupants of the Hickory vehicle sustained injuries and property damage, and appellant was badly injured. The Hickorys subsequently brought suit against Mr. Morlang alleging negligence. Unfortunately for appellant, New York law then in effect — which governed the Morlang's insurance contract — did not permit her to recover from her husband's insurance company if she sued him and

proved·his negligence in court. N.Y. Ins. Law § 3420(g) (2000).

¶ 3. Appellant attempted to circumvent this problem by intervening in the case as a third-party plaintiff against the Hickorys. She assumed that, in defending against her claims, the Hickorys would work to prove her husband's negligence, and the jury would apportion responsibility between the Hickorys and Mr. Morlang. Appellant hoped to then take the judgment to her husband's insurer in an effort to recover his share of the damage liability.

¶ 4. The Hickorys settled their claims against Mr. Morlang a week before the case went to trial, however, and Jay Hickory moved the superior court to dismiss Mr. Morlang from the case. Appellant objected to the dismissal, and also moved to amend her complaint to add a claim for negligence against her husband. The court denied appellant's motion to amend as untimely, and then dismissed Mr. Morlang because no claims remained pending against him. This appeal followed.

¶ 5. While we have instructed the trial courts to be liberal in allowing a party to amend its pleadings, we will reverse a court's decision to deny such a motion only where there is an abuse of discretion. *Lillicrap v. Martin*, 156 Vt. 165, 170, 591 A.2d 41, 44 (1989). In determining whether to allow a party to amend its complaint, the trial court should consider four factors: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313, 455 A.2d 810, 815 (1982).

¶ 6. Several of the factors identified in *Perkins* weigh against appellant here. First, amending the complaint would have caused undue delay. Appellant had the opportunity to allege negligence against her husband when she initially intervened in the case; she concedes that she chose not to assert this claim because she could not recover from his insurance company pursuant to New York law. Appellant's decision to add a new party· to her claim just before the trial would undoubtedly have resulted in delay, as her husband prepared to defend a new claim. Second, an amended ·complaint would not have afforded appellant the relief she seeks. As discussed above, New York law did not permit· her to collect from her husband's insurer should she prove his negligence in court. Appellant concedes that this issue prevented ·her from asserting this claim in the first instance; and it does not appear that any relevant circumstances had changed at the time of her motion. In light of these factors, the court did not abuse its discretion by denying appellant's motion to amend.

¶ 7. Once the court denied appellant's motion to amend, no claims remained pending against Mr. Morlang, and the court acted well within its discretion by dismissing him from the case. While V.R.C.P. 41 prevents the court from dismissing a party against objection when a claim or counterclaim remains pending, the rule does not preclude the dismissal of a party against whom no claims remain. Because no claims· remained pending against Mr. Morlang, the court properly denied appellant's motion to preclude his dismissal.

*Affirmed.*