VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 57-8-20 Vtec

| Wolcott SD Final Plat Denial |
| --- |

### ENTRY REGARDING MOTION

Title: Motion to Amend Statement of Questions & Motion to Withdraw from Mediation
(Motion: 3)
Filer: James Wolcott
Filed Date: December 23, 2020
Responses in opposition filed by Attorney James W. Barlow for the Town of Cambridge on
January 7, 2021.

The motion is DENIED IN PART.

James Wolcott (Mr. Wolcott) appeals a decision of the Town of Cambridge (Town)
Development Review Board (DRB) denying final plat approval for his 3-lot subdivision application.
Presently before the Court is Mr. Wolcott's motion to amend his Statement of Questions and to
withdraw from mediation. Mr. Wolcott is self-represented, and the Town is represented by
James W. Barlow, Esq. Interested persons David and Darby Hering are represented by Claudine
C. Safar, Esq. We begin with the request to amend the Statement of Questions.

Mr. Wolcott seeks to add 14 Questions concerning the actions of the Town, the Chair of
the DRB, and David Hering (Mr. Hering) in connection with the subdivision review process and an
enforcement action by the Vermont Agency of Natural Resources (ANR).[1] This Court liberally

---

[1] The proposed Questions are as follows, renumbered to exclude references to existing questions:
1. Is not the Town of Cambridge's DRB Chair's call to ANR improper?
2. Is not the Town of Cambridge the Defendant in the above-referenced [zoning appeal]?
3. Is not such a call to an outside entity a de facto instrument of Discovery?
4. Is not such an Instrument's entry upon the Appellant's land, without notice and without consent, improper?
5. Is not the Town of Cambridge's promotion of evidence obtained by David Hering, Interested Party, improper?
6. Did not David Hering gather that evidence by surveillance?
7. Is not such evidence a violation of the Appellant's right to privacy?

allows motions to amend unless there has been undue delay or bad faith, prejudice will result, or the amendment is futile. In re Laberge Shooting Range JO, No. 96-8-16 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. Jan. 4, 2017) (Walsh, J.) (citing In re Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 5 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.); Hickory v. Morlang, 2005 VT 73, ¶ 5, 178 Vt. 604. Trial courts have discretion in deciding a motion to amend. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1.

On the information presented by both Mr. Wolcott and the Town, it appears that Mr. Wolcott's proposed questions arise from an ongoing ANR enforcement matter concerning the same property at issue in this appeal, located at 19 Gallup Brook Lane, Jeffersonville, Vermont (the Property). We recite the following background based on the information before us, and for the sole purpose of putting Mr. Wolcott's proposed questions in context.

In January of 2020, Mr. Wolcott applied for a 3-lot subdivision permit. In June of 2020, while the application was pending before the DRB, an ANR officer conducted an investigation at the Property. The Court has no information about the purpose or results of that investigation. On July 24, 2020, the DRB denied Mr. Wolcott's subdivision application. In August of 2020, Mr. Wolcott appealed the DRB's decision to this Court. On October 8, 2020, Mr. Hering filed a complaint with ANR alleging potential wastewater and drinking water issues at the Property, among other things. On October 10, 2020, the DRB Chair called the ANR officer assigned to the case to express similar concerns, and to inform the officer that Mr. Wolcott's subdivision application had been denied. On October 22, 2020, the ANR officer conducted a second investigation at the Property. Finally, on November 23, 2020, ANR issued a Notice of Alleged Violation to Mr. Wolcott alleging violations of the Wastewater System and Potable Water Supply Rules.

In this context, it is apparent that Mr. Wolcott's proposed questions reflect his concern about communications between the DRB and ANR; the types of evidence gathered by Mr. Hering and ANR, along with the methods used to obtain it; and the use of that evidence by the Town and Mr. Hering in the subdivision review process before the DRB or this Court on appeal. The Town argues that all of Mr. Wolcott's proposed questions are either outside the scope of our review or beyond our jurisdiction to address. We agree. At the outset, it is important to clarify the scope of review in this appeal and the limits of our jurisdiction.

---

8. Is not such a surveillance a form of trespassing?
9. Is not such surveillance illegal?
10. Does the Town of Cambridge condone such illegality?
11. Did not the Town of Cambridge, in Final Plat Review, submit such illegally obtained evidence?
12. Does not MEDIATION require good faith, good will, and common sense?
13. Is the Town of Cambridge acting in good faith, good will, or common sense?
14. Is the Interested Party, David Hering acting in good faith, good will, or common sense?

See Motion to Amend Statement of Questions and Withdraw Request for Mediation, filed Dec. 23, 2020.

This is a *de novo* appeal. See 10 V.S.A. § 8504(h). As such, the case and the evidence is "heard anew, and the probative effect determined by the appellate [court] as though no decision had been previously rendered." In re Poole, 136 Vt. 242, 245 (1978). This Court sits in the place of the DRB and renders new findings of fact and conclusions of law with no deference to the DRB's decision. See In re Green Peak Estates, 154 Vt. 363, 372 (1990).

Furthermore, the Environmental Division is a Court of limited jurisdiction. Here, the scope of our subject matter jurisdiction, and our review, is confined to those issues the municipal panel below addressed or had the authority to address when considering the original application. See, e.g., In re Torres, 154 Vt. 233, 235 (1990). ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."); In re Maple Tree Place, 156 Vt. 494, 500 (1991) ("[I]t is beyond [the superior court's] role as an appellate tribunal, even under de novo review standard, to start addressing new issues never presented to the planning commission and on which interested persons have not spoken in the local process."). Thus, we may only address legal issues if they are within the scope of Mr. Wolcott's subdivision application and the DRB had the authority to address them. We now turn to Mr. Wolcott's proposed questions.

Proposed Questions 1, 2, 5, 10, and 11 appear to imply alleged conflicts of interest, improper actions, and improper use of evidence on the part of the DRB and the Town.[2] Proposed Questions 1 and 2 reflect concerns about the DRB Chair's call with ANR. Though we acknowledge Mr. Wolcott's concern, we note that the independent evidentiary hearing provided by this Court's *de novo* review cures all but the most "systemic" errors in the process below.[3] See In re JLD Properties of St. Albans, LLC, 2011 VT 87, ¶¶ 10–13, 190 Vt. 259. Furthermore, the call occurred after the DRB issued its decision. The Questions do not relate to the review process below, but rather the DRB Chair's conduct during the pendency of this appeal. The impact of the Chair's actions during this current appeal could not have been considered in the proceeding below, therefore we have no authority to address proposed Questions 1 and 2 in this *de novo* appeal. See Maple Tree Place, 156 Vt. at 500.

Proposed Questions 5 and 10 appear to take issue with Town's use of certain evidence before the DRB and this Court. Once again, our *de novo* review means that all evidence is heard anew; whether evidence was properly used before the DRB is not within the scope of this appeal. See Poole, 136 Vt. at 245. To the extent Mr. Wolcott is concerned about the use of evidence before this Court on appeal, the Statement of Questions is not the proper mechanism to raise those concerns. He is free to challenge the admissibility of evidence through appropriate motion practice or by raising appropriate objections at trial. Proposed Question 11 asks whether the Town condones the methods by which certain evidence was obtained. The Question is not

---

[2] All proposed Questions are recited in full at footnote 1.

[3] We do not mean to suggest that the DRB or the Town engaged in any improper activity.

related to Mr. Wolcott's subdivision application; therefore, it is outside the scope of our review. See In re Transtar LLC, No. 46-3-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. May 24, 2012). Mr. Wolcott may challenge the admissibility of evidence in this appeal through the appropriate mechanisms.

Proposed Questions 3 and 4 reflect concerns about the DRB Chair's phone call to ANR as it relates to the discovery process in this appeal, and the propriety of ANR's subsequent investigation on Mr. Wolcott's property. Though Mr. Wolcott's concerns are not entirely clear, we gather that he believes ANR's investigation has been used as an improper means of discovery in this case. To the extent these Questions or other proposed Questions implicate issues related to ANR's ongoing and separate enforcement action, those issues are not within the scope of Mr. Wolcott's subdivision application and are beyond our jurisdiction in this zoning appeal.[4] See Torres, 154 Vt. at 235 ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."). If Mr. Wolcott wishes to raise concerns or objections related to the Town's discovery methods in this appeal, the Statement of Questions is not the appropriate mechanism to do so. We encourage the parties to work together on discovery, and we note that the Court will address appropriate motions relating to discovery issues to the extent our jurisdiction allows.

Proposed Questions 6–9 relate to the methods by which Mr. Hering may have gathered certain evidence about the Property. These Questions are not related to Mr. Wolcott's subdivision application and implicate concerns about privacy and common-law trespass which are beyond the Court's jurisdiction. See id.; see also 4 V.S.A. § 34 (limiting the jurisdiction of the Environmental Division to matters arising under specific statutory schemes). To the extent that proposed Questions 6–9 intend to raise objections to certain evidence, Mr. Wolcott is free to challenge the admissibility of evidence through the appropriate mechanisms.

Finally, proposed Questions 12–14 clearly relate to Mr. Wolcott's request to withdraw from mediation during the pendency of this appeal. Because these Questions do not relate to Mr. Wolcott's subdivision application, they are outside the scope of review and are not proper questions for resolution at trial. Instead, the Court considers these proposed Questions as part of Mr. Wolcott's argument regarding mediation, which is addressed below.

---

[4] Prior to July 1, 2007 municipalities retained authority to regulate on-site septic systems through municipal sewage ordinances under 24 V.S.A. ch. 102. After July 1, 2007, pursuant to 10 V.S.A. § 1976(b), municipal ordinances that regulated potable water supplies and wastewater systems were superseded by the state statute and regulations concerning wastewater disposal systems, unless municipalities received special delegation from ANR. See In re Nancy Lewis Revocable Trust Variance, No. 110-6-08 Vtec, slip op at 2 (Vt. Super. Ct. Envtl. Div,. Apr. 29, 2011) (Wright, J.). The state regulations were intended "to establish a comprehensive review and permitting process for wastewater systems that would have state-wide uniformity." In re Bibby 5-Lot Final Plat Subdivision & Waiver Application, No. 189-11-10 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 02, 2012) (Durkin, J.); 10 V.S.A. § 1971.

For all these reasons, we conclude that Mr. Wolcott's proposed Questions are outside the scope of review in this appeal and beyond our jurisdiction to address in the context of a merits hearing on Mr. Wolcott's subdivision application. Thus, amendment would be futile. See Hickory, 2005 VT 73, ¶ 5; see also Colby, 2008 VT 20, ¶¶ 6–7. Some Questions may intend to raise discovery issues or objections to evidence, and those issues can be resolved through other means. They are not appropriate for inclusion in the Statement of Questions. We now turn to Mr. Wolcott's request to withdraw from mediation.

It is evident from Mr. Wolcott's motion that he does not believe further mediation efforts will be productive. This Court issued a Scheduling Order on September 23, 2020, ordering the parties to complete mediation and report the results by January 29, 2021. Though we continue to encourage the parties to work together, we will defer the mediation requirements set forth in the Scheduling Order until further notice. See V.R.C.P. 26(f) ("An order may be altered or amended whenever justice so requires.").

For the foregoing reasons, Mr. Wolcott's motion is **DENIED** as to his request to amend the Statement of Questions. The Court's Order regarding mediation is deferred.

Electronically Signed: 3/4/2021 1:33 PM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division