Filed 01/26/26

**VERMONT SUPERIOR COURT**
Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



**CIVIL DIVISION**
Case No. 24-CV-00561

Aurora Berger v. Sarah Root et al

Opinion and Order on Defendants' Motion to Dismiss

Defendants White River Valley Supervisory Union, Strafford School District, Strafford School Board, Jamie Kinnarney, Tracy Thompson, and Sarah Root move to dismiss Defendants Strafford School District, Strafford School Board, Jamie Kinnarney, Tracy Thompson, and Sarah Root based on the Court's Decision on Defendants' Motion for Summary Judgment (filed Sept. 24, 2025). Plaintiff has opposed the motion, and Defendants have submitted a reply memorandum in support of the motion. Based on those submissions, the Court makes the following determinations.

Procedural Background:

In February 2024 Plaintiff filed four claims against Defendants: (1) discrimination in violation of Vermont's Fair Employment Practices Act (VFEPA); (2) retaliation in violation of VFEPA; (3) retaliation in violation of her right to free expression in violation of the Vermont Constitution ch. I, art. 13; and (4) violation of her due process rights under the Vermont Constitution ch. I, art. 4. The parties stipulated to a voluntary dismissal of Count 4 on June 2, 2025. On September 24, 2024, the Court granted Defendants' motion for summary judgment as to Counts 1

1

and 2, leaving Count 3.  Count 3 alleges that Defendants effectively terminated Plaintiff's employment by not seeking the 1-year extension of her provisional teaching license in response to her protected free speech.

Legal Analysis:

Although Defendants cite Vt. R. Civ. P. 12(b)(6) as a basis to dismiss all defendants apart from White River Valley Supervisory Union, the motion is more appropriately considered under Vt. R. Civ. P. 41.  As the Vermont Supreme Court noted in *Hickory v. Morlang*, 2005 VT 73, ¶ 7, 178 Vt. 604, 605, "[w]hile V.R.C.P. 41 prevents the court from dismissing a party against objection when a claim or counterclaim remains pending, the rule does not preclude the dismissal of a party against whom no claims remain."  Thus, where no claims remain pending against a party, it is within the court's discretion to dismiss them from the case.  *Id.*

As a result, the question for the Court is which Defendants are implicated by the only remaining claim.  Claim 3 is centered around "adverse employment action." 2 *Employment Discrimination Law* § 11:7 (3rd ed.).  As the Court recognized in its Decision on Summary Judgment, "[t]he dispute lies in whether the website had anything to do with Mr. Kinnarney's decision to not seek a 1-year extension of [Ms.] Berger's provisional license, which ended her employment at Newton."  Decision on Defendants' Motion for Summary Judgment at 9.  In the Complaint, Plaintiff alleges that Mr. Kinnarney told her that he would apply for an extension of her license.  Complaint ¶ 87 (filed Feb. 13, 2025).  Plaintiff also recognizes that "Superintendent Kinnarney had the power to request a provisional license

2

extension on Ms. Berger's behalf because she was working under his license." Complaint ¶ 139. Plaintiff has not alleged that Strafford School District, Strafford School Board, Tracy Thompson, or Sarah Root had the ability to obtain an extension of Plaintiff's license and failed to do so; therefore, they must be dismissed.

It is premature, however, to dismiss Mr. Kinnarney in his individual capacity based on 24 V.S.A. § 901 or 901a. As the Court discussed in its July 2, 2024 Entry Order, immunity under that statute turns on whether the municipal officer is acting in their official capacity. 24 V.S.A. § 901a does not apply to an act of a municipal employee that is "willful, intentional, or outside the scope of the employee's authority."

The Vermont Supreme Court has established that an employee was acting within the scope of his employment if the conduct "(a) is of the kind the servant is employed to perform; (b) occurs substantially within the authorized time and space limits; (c) is actuated, at least in part, by a purpose to serve the master; and (d) in a case in which force is intentionally used by the servant against another . . . is not unexpectable by the master." *Doe v. Forrest,* 176 Vt. 476, 483 (2004) (quoting Restatement (Second) of Agency § 229(1) (1958)). No doubt, the scope of employment is typically broad. But an employee's conduct can fall outside the scope of employment if it is "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Id*. (quoting *Restatement (Second) of Agency* § 228(2)). Whether an employee was acting within the scope of his employment tends to be a question of

3

fact to be resolved by a jury but can be resolved as a matter of law if the facts and inferences drawn are not in dispute. *See Sweet v. Roy,* 173 Vt. 418, 433 (2002).

Here, while some evidence supports the view that Mr. Kinnarney was acting for his employer's purposes, there is some evidence making it less clear that he was acting within his official duties at all times. While the ability to apply for a provisional license stemmed from his position as superintendent, Mr. Kinnarney is alleged to have made disparaging comments about Plaintiff and her art, as well as threatening to send a letter to the Agency of Education recommending that she not receive licensure if she did not resign. Complaint ¶¶ 193–94. Plaintiff alleges that this is evidence of personal bias and animus towards her based on her protected speech. *Id.* This states a plausible claim that Mr. Kinnarney was acting outside the scope of his employment. See *Bain v. Wrend*, 2018 WL 5980376, at \*7 (D. Vt. 11/14/18) (claims of harassment of subordinate fall outside of scope of employment); *see also Burlington Indus., Inc. v. Ellworth*, 524 U.S. 742, 756-57 (1998) (discussing breadth of scope of employment in similar contexts).

Even if the Court left aside the scope-of-employment question, at a bare minimum, the above evidence potentially would support the conclusion that Mr. Kinnarney was acting wilfully and intentionally in taking action against Plaintiff based on her expressive activity. Such actions would take is conduct beyond that immunized by statute. 24 V.S.A. § 901a.

As a result, Mr. Kinnarney should not be dismissed as a defendant, and immunity under § 901 and § 901a is to be determined by the finder of fact.

4

Finally, although Plaintiff argues that Strafford School District, Strafford School Board, and Ms. Root also engaged in conduct that violated her right to free speech, such as ratifying Mr. Kinnarney's retaliatory acts and making defamatory statements about Plaintiff, those claims were not presented in the Complaint. Plaintiff's Memo. in Opp. at 3 (filed Dec. 2, 2025). As such, they do not prevent the dismissal of those defendants. *See Limoge v. People's Tr. Co.*, 168 Vt. 265, 274 (1998) (holding trial court was correct to refuse to address claim raised for first time in plaintiffs' motion for summary judgment).

WHEREFORE, the motion to dismiss is GRANTED as to Defendants Strafford School District, Strafford School Board, Tracy Thompson, and Sarah Root, and DENIED as to Defendants White River Valley Supervisory Union and Jamie Kinnarney.

Electronically signed on Wednesday, January 21, 2026, per V.R.E.F. 9(d).


Timothy B. Tomasi
Superior Court Judge